DAVID J. COHEN, ESQ.
California Bar No. 145748
**BAY AREA CRIMINAL LAWYERS, PC**
300 Montgomery Street, Suite 660
San Francisco, CA 94104
Telephone: (415) 398-3900

Attorneys for Defendant **Yama Marifat**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> YAMA MARIFAT, <br><br> Defendant. | Case No. 2:17-cr-00189-WBS <br><br> **MR. MARIFAT'S MOTION TO DISMISS THE INDICTMENT AS VIOLATIVE TO THE STATUTE OF LIMITATIONS** <br><br> Date: April 16, 2018 <br> Time: 9:00 a.m. <br> Ctrm: 5 |

### I.

### FACTUAL BACKGROUND

On January 28, 2011, the Government charged defendant Yama Marifat, by way of information, with a violation of 15 U.S.C. §1 (bid rigging) and 18 U.S.C. §1349 (conspiracy to commit mail fraud), pertaining to incidents occurring on or about April 2009 and continuing until in or about October 2009. On March 4, 2011, Mr. Marifat entered into a plea and cooperation agreement with the Government in which he agreed to waive indictment by a grand jury, cooperate with the government, and enter pleas of guilty to both counts. *See* Dkt. 11. Contemporaneously with the filing of the plea agreement, the parties filed Mr. Marifat's written waiver of his right to indictment by grand jury. *See* Dkt. 10.

On March 7, 2011, in accordance with the written plea agreement, the Court advised Mr. Marifat regarding the terms of that agreement, including Mr. Marifat's waiver of his right to indictment which the Court framed as one of the *quid pro quo* terms of the plea agreement:

> THE COURT: An Information has been filed in this Court charging you in Count One with bid rigging in violation of Section 1, Title 15 U.S. Code, and also with conspiracy to commit mail fraud in violation of Section 1349 of Title 18. . . .
> As I understand it then, in a written Plea Agreement, **the defendant offers** to waive indictment and plead guilty to a two-count Information charging him with conspiracy to rig bids and conspiracy to commit mail fraud, and he agrees to fully cooperate with the Government. . . .
> Mr. Marifat, I'm going to advise you of you rights in connection with waiver of indictment. You are advised that you cannot be prosecuted by way of Information unless you consent. That's because you have a constitutional right to require the Government to proceed by way of indictment by a Grand Jury, and you can't be indicted unless a Grand jury found probable cause to believe you committed these crimes charged in the Information.
> Do you understand that?
>
> MR. MARIFAT: Yes, Your Honor.
>
> THE COURT: Do you wish to give up your rights to be prosecuted by way of indictment, and do you consent now to proceed by way of Information and charged by the U.S. Attorney?
>
> MR. MARIFAT: Yes, Your Honor.
>
> THE COURT: I require Waive of Indictment to be in writing. Has one been executed, Mr. DuBois?
>
> MR. DUBOIS: We have one here, and we are now executing it, Your Honor.
>
> THE COURT: Okay. Would you do that, please, and hand me that? Mr. Marifat, did you read and understand and sign the Waiver of Indictment freely and voluntarily with the advice of your attorney pursuant to the Plea Agreement?
>
> MR. MARIFAT: Yes, Your Honor.
>
> THE COURT: All right. It is the order filed. **In return**, the Government agrees to recommend that the defendant be sentenced to the bottom of the applicable guideline range for his offense as determined by the U.S. Probation Office, and he agrees to not pose a two-level decrease in offense level for defendant's acceptance of responsibility, if appropriate, under Guidelines Section 3E1.1.

*See* Dkt. 80, Transcript of March 7, 2011 Hearing, at 3:24-6:9 (emphasis added).

On September 11, 2016, Mr. Marifat filed a motion to withdraw his plea. *See* Dkt. 67. On March 2, 2017, Mr. Marifat filed a supplemental motion to withdraw his plea in which he pointed out that Mr. Marifat's plea was not taken in accordance with the requirements of Federal Rule of Criminal Procedure, Rule 11. *See* Dkt. 85.

On April 24, 2017, this Court issued an order granting Mr. Marifat's motion to withdraw his plea on the basis that "[a]n inadequate Rule 11 plea colloquy constitutes a fair and just reason for withdrawal under Rule 11(d)(2)(B)." *See* Dkt. 95, 2:12-13. This Court acknowledged that it is "undisputed that the judge who took [Mr.] Marifat's guilty plea did not advise him of his rights to testify and present evidence, and to compel the attendance of witnesses, as set forth in Rule 11(b)(1)(E)." *Id.* at 2:22-25. Further, this Court determined that the government did not meet its burden to establish that the failure to advise Mr. Marifat of his rights during the Rule 11 plea colloquy was harmless error. *Id.* at 4:21-25.

On June 19, 2017, Mr. Marifat moved to dismiss the information on the basis that the waiver of indictment, a term of the plea agreement, is voided by the withdrawal of his plea. *See* Dkt. 110. On July 5, 2017, the government filed a statement of non-opposition to Mr. Marifat's motion to dismiss the information. *See* Dkt. 111. In the statement of non-opposition, the government disputed whether the waiver of indictment was invalidated by the withdrawal of the plea agreement, and while the government did not oppose the dismissal of the information, the government offered no other legal rational to support the dismissal of the information other than that raised by Mr. Marifat in his motion. *Id*. On July 11, 2017, Mr. Marifat filed a reply to the government's non-opposition to his motion to dismiss the information. *See* Dkt.112.  While Mr. Marifat did not object to the government's concession that the information should be dismissed, Mr. Marifat continued to

articulate the position that the plea agreement is null and void, and reserved the right to challenge the filing of an indictment pursuant to 18 U.S.C. Section 3288. *Id*.  On July 24, 2017, this Court heard argument on Mr. Marifat's motion, and dismissed the Information without articulating a basis for the dismissal. *See* Dkt.116.

On October 19, 2017, the government filed an Indictment against Mr. Marifat alleging a violation of 15 U.S.C. §1 (bid rigging). *See* Exhibit A, July 19, 2017 Indictment. The Indictment asserts that the allegations were carried out within the five years prior to the filing of the Information on January 28, 2011, and that the Indictment is filed within six months of the dismissal of the previously-filed Information, pursuant to 18 U.S.C. § 3288. *Id*.

Mr. Marifat now files the present motion to dismiss the indictment for as improperly filed under 18 U.S.C. § 3288, as the government cannot rely upon an invalid Information as the basis to file a renewed information under 18 U.S.C. §3288.

## II.

## ARGUMENT

A. This Court's Order Permitting Mr. Marifat To Withdraw His Plea Due To The Insufficiency Of The Rule 11 Colloquy Renders The Plea Agreement Void And Unenforceable, Rendering Void All Of The Parties' Obligations And Waivers Pursuant Thereto, Including The Waiver Of The Right To Proceed By Indictment.

The government's reliance on 18 U.S.C. § 3288 to file an Indictment against Mr. Marifat explicitly relies upon the validity of the underlying Information previously filed against Mr. Marifat. The validity of the Information turns on the validity and enforceability of the waiver Mr. Marifat entered into as part of a withdrawn plea and void plea agreement.

It must be noted that the government filed the Information against Mr. Marifat over a month prior to the parties entering into a plea agreement, rather than seeking an indictment. An explicit term of the plea agreement involved Mr. Marifat waiving his right to an indictment, but the plea

agreement, and all the obligations, waivers, and other terms, are rendered void and unenforceable by the withdrawal of the plea and the inadequacy of the Rule 11 colloquy. The government cannot be permitted to enforce provisions of a plea agreement from which a defendant has been permitted by the Court to withdraw due to a Rule 11 violation, including Mr. Marifat's waiver of indictment, which was an express term of the plea agreement and existed only in connection thereto. The plea agreement no longer exists, and as a consequence, neither does Mr. Marifat's waiver. The government cannot rely on an invalid Information to file an Indictment against Mr. Marifat under 18 U.S.C. § 3288.

When a defendant voluntarily chooses to withdraw his guilty plea, he voids his plea agreement, rendering its provisions unenforceable. *Fox v. Johnson*, 832 F.3d 978, 986 (9th Cir. 2016); *see also United States v. Partida-Parra*, 859 F.2d 629, 634 n.6 (9th Cir. 1988) ("When the district court exercises its power under the Federal Rules to reject a plea agreement or permit a defendant to withdraw his plea, it is clear by implication that the parties are consequently released from their obligations under the plea agreement"); *United States v. Jones*, 469 F.3d 563, 566 (6th Cir. 2006) (when a defendant succeeds in withdrawing a guilty plea entered pursuant to a plea agreement, the plea agreement is "nullified" and "the government [is] no longer bound by its promises therein"). This is no surprise, as plea bargains are generally analyzed in accordance with contract principles. *See United States v. Barron*, 172 F.3d 1153, 1158 (9th Cir. 1999); *United States v. Goroza*, 941 F.2d 905, 909 (9th Cir. 1991); *Santobello v. New York*, 404 U.S. 257, 262 (1971); *see also United States v. Carnine*, 974 F.2d 929, 928 (7th Cir. 1992) ("plea agreements . . . are unique contracts in which special due process concerns for fairness and the adequacy of procedural safeguards obtain"). And under contract principles, "[r]escission extinguishes a contract, rendering it void *ab initio*, as if it never existed." *DuBeck v. Cal. Physicians' Serv.*, 234 Cal. App. 4th 1254, 184 Cal. Rptr. 3d 743,

750 (Ct. App. 2015).

The conclusion that the plea agreement and waiver of indictment is voided and unenforceable against Mr. Marifat is strengthened by consideration of the basis for the withdrawal of Mr. Marifat's plea, which was the inadequacy of the Rule 11 colloquy. The Rule 11 colloquy is designed to guarantee a knowing, intelligent and voluntary of the plea. Absent an adequate Rule 11 plea, the provisions of the plea agreement, including the waivers contained therein, cannot be utilized against Mr. Marifat.

In *United States v. Portillo-Cano*, 192 F.3d 1246 (9th Cir. 1999), the Ninth Circuit explained that waivers contained in a plea agreement accepted after an inadequate Rule 11 plea colloquy do not function against the defendant where the defendant successfully challenges the inadequacy of the plea colloquy. In *Portillo-Cano*, the defendant entered into a plea agreement that purported to waive his right to appeal his conviction. *Id*. at 1249. Subsequently, the defendant appealed his conviction and sentence, claiming that the waiver in the plea agreement was unenforceable due to the district court's failure to comply with the requirement of Federal Rule of Criminal Procedure, Rule 11, by failing to explain to the defendant the nature of the charges during the plea colloquy. *Ibid.*

The Ninth Circuit held that the waiver contained in a plea agreement must "stand or fall with the agreement of which they are a part." *Portillo-Cano*, 192 F.3d at 1250 (*quoting United States v. Wenger*, 58 F.3d 280, 282 (7th Cir. 1995).) "'If the agreement is voluntary, and taken in compliance with Rule 11, then the waiver of appeal must be honored. If the agreement is involuntary or otherwise unenforceable, then the defendant is entitled to appeal.'" *Ibid*.; *see also United States v. Pena*, 314 F.3d 1152, 1154 n.1 (9th Cir. 2003) (Ninth Circuit concluded that the plea agreement is unenforceable due to the failure to comply with Rule 11); *United States v. Bibler*, 495 F.3d 621,

624 (9th Cir. 2007) (stating that appellate waivers in a plea agreements are unenforceable where plea not taken in accordance with Rule 11).

The Ninth Circuit distinguished cases upholding a waiver contained in the plea agreement in situations where the challenge did not implicate the voluntariness of the defendant's plea from situations where "compliance with the procedural requirements of Rule 11(c) was at issue." *Portillo-Cano*, 192 F.3d at 1250. The Ninth Circuit stated that a challenge to the sufficiency of the plea colloquy under Rule 11 goes to the heart of whether the defendant's guilty plea, including the waiver contained in the plea agreement, is enforceable. *Ibid*. Thus, the Ninth Circuit found it necessary to determine whether the plea was invalid under Rule 11 in order to determine if the waiver contained within the plea agreement was similarly invalid. *Ibid*. In *Portillo-Cano*, the district court's failure to describe the nature of the charges did not conform to the requirements of Rule 11, and, therefore, the plea agreement was unenforceable and did not waive the defendant's right to appeal. *Id*. at 1252.

The Ninth Circuit, therefore, concluded that a waiver contained within a plea agreement is unenforceable where the plea is not taken in conformity with the mandates of Rule 11. In the present case, Mr. Marifat waived indictment as an express term of the plea agreement he entered into with the government. When this Court permitted Mr. Marifat to withdraw his plea on the basis of an inadequate Rule 11 colloquy, the agreement, and all of its terms became invalidated. This included Mr. Marifat's waiver, which is no longer in effect and cannot be enforced. Without such a waiver, the Information previously filed against Mr. Marifat is invalid, and the government cannot rely on an invalid information as the basis for the filing of an Indictment under 18 U.S.C. § 3288.

       B.      Because the Court Instructed Mr. Marifat That His Waiver of His Right to Indictment Was Contingent upon His Entry of Plea, the Enforcement of the Waiver in the Absence of a Plea Would Effectuate an Unknowing and Involuntary Waiver.

As the plea agreement indicated, Mr. Marifat's waiver of indictment was always contingent upon the terms of the agreement being executed. The Court said as much when it advised Mr. Marifat on the record, explaining that his waiver was a part of "the written Plea Agreement" and that Mr. Marifat would receive special consideration from the government "in return" for his waiver. 3/7/11 TX, 3:24-6:4 (dkt. no. 80). As a consequence, if this Court were to now enforce the contingent waiver of the right to indictment (without enforcing that which it was contingent upon), the Court would be doing so without Mr. Marifat's knowing and intelligent waiver of that right. "[C]ourts indulge every reasonable presumption against waiver of fundamental constitutional rights and [] we do not presume acquiescence in the loss of fundamental rights." *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938). "Generally, a waiver of a constitutional right must be knowing and voluntary." *United States v. Robinson*, 8 F.3d 418, 421 (7th Cir. 1993).

Given that the waiver of indictment was an express term of the plea agreement, was understood by all parties to be a term of the contractual plea resolution between the government and defendant, and was explicitly described as a term of a mutual quid pro quo by the Court, it cannot be said that Mr. Marifat knowingly and intelligently waived his right to indictment in all circumstances, no matter whether the plea agreement would be operative or not. Surely had the Court rejected the plea agreement in the first instance, the government would not then argue that Mr. Marifat had knowingly and intelligently waived his right to proceed by indictment and attempt to hold Mr. Marifat to a like waiver contained in the rejected agreement.

The result of framing Mr. Marifat's waiver as a term of the plea agreement is that he did not knowingly and intelligently waive his right to indictment in all circumstances, but only in those that

Mr. Marifat's Motion to Dismiss the Indictment as Violative to the Statute of Limitations
*U.S. v. Marifat*
Case No. 2:17-cr-00189-WBS       8

were pursuant to execution of the plea agreement. He could not have expected to have been bound by the agreement's terms in the event it was rescinded, and so any waiver that constituted one of those terms would surely be deemed infirm by a reviewing court.  For this additional reason, this Court must find that Mr. Marifat's waiver of indictment is invalid and unenforceable.

      C.      Any Statements in the Plea Agreement That Are Ascribed to Mr. Marifat, as Well as Any Statements He Made During His Plea Hearing and the Written Waiver Executed Pursuant to the Agreement, Are Inadmissible and Cannot Serve to Show a Waiver of His Right to Indictment.

Separate and apart from his arguments above, Mr. Marifat contends that his waiver of indictment cannot in any event be considered by this Court. As an evidentiary matter, any statements made by Mr. Marifat during the course of his plea negotiations, including his waiver of indictment, are inadmissible against him in future proceedings. As Rule 11(f) provides, "[t]he admissibility or inadmissibility of a plea, a plea discussion, and any related statement is governed by Federal Rule of Evidence 410." Fed. R. Evid. 410 is explicit:

> (a) Prohibited Uses. In a civil or criminal case, evidence of the following is not admissible against the defendant who made the plea or participated in the plea discussions:
>     (1) a guilty plea that was later withdrawn;
>     (2) a nolo contendere plea;
>     (3) a statement made during a proceeding on either of those pleas under Federal Rule of Criminal Procedure 11 or a comparable state procedure; or
>     (4) a statement made during plea discussions with an attorney for the prosecuting authority if the discussions did not result in a guilty plea or they resulted in a later-withdrawn guilty plea.[1]

Mr. Marifat's waiver of his right to indictment, as "evidence of . . . a guilty plea that was later withdrawn," as well as "a statement made during a proceeding" thereon or "a statement made during plea discussions," falls under the ambit of Rule 410. And Rule 1101(b) makes these evidentiary rules applicable to the proceeding at hand:

---

[1] Fed. R. Evid. 410(b) provides two exceptions to the rule, one for the rule of completeness, and the other for perjury or false statement prosecutions.

Mr. Marifat's Motion to Dismiss the Indictment as Violative to the Statute of Limitations
*U.S. v. Marifat*
Case No. 2:17-cr-00189-WBS          9

To Cases and Proceedings. These rules apply in:

> · civil cases and proceedings, including bankruptcy, admiralty, and maritime cases;
> · criminal cases and proceedings; and
> · contempt proceedings, except those in which the court may act summarily.[2]

(emphasis added).

Consequently, that waiver cannot be lawfully considered as evidence in an evidentiary hearing, including any associated with the present motion. Inadmissible against Mr. Marifat in any proceeding are the plea agreement (including the clause contained therein waiving indictment), statements made by Mr. Marifat during plea negotiations, his written waiver of indictment (filed pursuant to the plea agreement), and any and all statements made by Mr. Marifat during his plea hearing (including his affirmative responses to the Court's questions regarding the waiver of indictment). For this additional reason, this Court must find that Mr. Marifat's waiver of indictment is invalid and unenforceable.

    D.    The Government's October 19, 2017 indictment of Mr. Marifat is filed outside the statute of limitations and is not tolled by an invalid information filed without an enforceable Waiver of Indictment.

The indictment filed by the government is outside the five year limitations period imposed by 18 U.S.C. § 3282, and it is not tolled by the invalid information. Pursuant to Federal Rule of Criminal Procedure, Rule 7, a felony punishable by more than a year in prison must be prosecuted

---

[2] Fed. R. Evid. 1101(d) enumerates the specific exceptions to the Rules' general applicability, none of which apply here:
> Exceptions. These rules — except for those on privilege — do not apply to the following:
> (1) the court's determination, under Rule 104(a), on a preliminary question of fact governing admissibility;
> (2) grand-jury proceedings; and
> (3) miscellaneous proceedings such as:
> · extradition or rendition;
> · issuing an arrest warrant, criminal summons, or search warrant;
> · a preliminary examination in a criminal case;
> · sentencing;
> · granting or revoking probation or supervised release; and
> · considering whether to release on bail or otherwise.

Mr. Marifat's Motion to Dismiss the Indictment as Violative to the Statute of Limitations
*U.S. v. Marifat*
Case No. 2:17-cr-00189-WBS      10

by an indictment. *See* Fed. R. Crim. P. 7(a). The offense may be prosecuted by information only when the defendant waives prosecution by indictment in open court after being advised of the nature of the charges and the defendant's rights. *See* Fed. R. Crim. P. 7(b). Thus, until a defendant has waived indictment pursuant to Rule 7(b), an information filed with the clerk of court cannot perform the same charging function as an indictment. The jurisdictional nature of the waiver is grounded in the Fifth Amendment, which also requires the government to prosecute felonies by indictment. *United States v. Simon*, 510 F. Supp. 232, 235 (E.D. Pa. 1981); *see also United States v. Ramirez*, 556 F.2d 909, 910 (9th Cir. 1976). Indeed, a court in possession of an information but not in possession of a waiver of indictment lacks subject matter jurisdiction over the case; such an information is "virtually meaningless." *United States v. Wessels*, 139 F.R.D. 607, 609 (M.D. Pa. 1991). Only when both the information and a valid waiver of indictment have been filed is the court vested with jurisdiction. *See Young v. United States*, 354 F. 2d 449, 452 (10th Cir. 1965).

Pursuant to 18 U.S.C § 3282, "no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed." 18 U.S.C. § 3282(a). An information is the functional and constitutional equivalent of an indictment only when accompanied by a valid waiver of indictment. Absent a valid waiver, a charge against Mr. Marifat for a violation of 15 U.S.C. §1 must be prosecuted by an indictment, and the indictment must be filed within five years after the offense has been committed. No such indictment has been filed.

In the present case, on January 28, 2011, the government attempted to initiate the prosecution by information without obtaining a waiver of indictment. Only later, on March 4, 2011, did the government obtain a waiver of indictment, but the waiver was explicitly a conditional term of a negotiated plea agreement, prepared together with the filing of the plea agreement. As discussed

above, based upon this Court's ruling that the plea colloquy was inadequate and granting of Mr. Marifat's motion to withdraw his plea, the plea agreement is void and invalid, along with any and all waivers agreed to as a part of that plea agreement. Without a valid waiver, the result is that the information filed by the government is insufficient to initiate a prosecution of Mr. Marifat, which is why the information had to be dismissed after the plea was withdrawn. An information filed without a waiver does not initiate a prosecution pursuant Federal Rule of Criminal Procedure, Rule 7(a), and therefore does not serve to satisfy the statute of limitations under 18 U.S.C § 3282.

In *United States v. Grady*, 544 F.2d 598 (2d Cir. 1976), the Second Circuit discussed 18 U.S.C. § 3288, and the tolling of the statute of limitations, which permits the filing of a superseding indictment if and only if the original indictment is validly pending. *United States v. Grady*, 544 F.2d 598, 601-02 (2d Cir. 1976); *see also United States v. Rutkoske*, 506 F.3d 170, 175 (2d Cir. 2007) (stating that the *Grady* decision established a requirement that the original indictment be validly pending). In other words, the statute of limitations is tolled for the purpose of subsequently filed indictment only so long as the original indictment or information was validly pending prior to the filing of subsequent indictment pursuant to 18 U.S.C. §3288.

Importantly, the relative good or bad faith of the government in negotiating the plea agreement or contributing to the delay is irrelevant to the determination of whether the invalid information served to toll the statute of limitations. iIllustrative is the case of *United States v. Midgley*, 142 F.3d 174 (3d Cir. 1998), in which the defendant, pursuant to a plea agreement, pleaded guilty to using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c), and the government dismissed the remaining counts of the indictment. *Midgley*, 142 F.3d at 175. The defendant made a successful collateral attack on his conviction more than five years after the commission of his offenses. *Id*. at 176. In response, the government sought

to reinstate the dismissed counts, but the district court denied reinstatement of the dismissed counts on the grounds that the statute of limitations had run. *Ibid*.

On appeal, the government argued, *inter alia*, that the statute should be tolled under principles of contract law and equity because the defendant breached the plea and, alternatively, that the statute should be tolled as a matter of policy in order to prevent abuse of the plea bargain process. *Ibid*. The Third Circuit discussed the nature and purpose of the statute of limitations, including how the limitations are "designed to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past" and to foreclose the potential for inaccuracy and unfairness that stale evidence and dull memories may occasion in an unduly delayed trial." *Midgley*, 142 F.3d at 176 (*quoting Toussie v. United States*, 397 U.S. 112 at 114-15; *United States v. Levine*, 658 F.2d 113, 127 (3d Cir. 1981).) The Court affirmed the district court's order and held that the dismissed counts could not be reinstated under 18 U.S.C. § 3282; held that the government was not entitled to equitable tolling of the statute of limitations merely because it was without fault; declined to fashion a tolling rule in order to prevent abuse by defendants; and concluded that the rule afforded by the criminal statute of limitations was preferable to a shifting standard based on the perceived equity of a defendant's conduct. *Midgley*, 142 F.3d 176-180.

In the present case, the extensive delay between the plea agreement reached between the parties and Mr. Marifat's motion to withdraw his plea is attributable, in part, to the government's decision to prosecute all of the alleged members of the conspiracy prior to seeking sentencing for any of the members, including Mr. Marifat, so that all defendants would be sentenced together. However, the government's relative contribution to the multi-year period of delay is irrelevant to the validity of the information as a mechanism for tolling the statute of limitations until the government

filed the present indictment. After Mr. Marifat's plea was withdrawn based upon a finding that the plea colloquy did not conform to Rule 11, the waiver of indictment that was a term of that agreement must also be considered nullified and void. The previously filed information, unaccompanied by a valid waiver of indictment, is insufficient to prosecute Mr. Marifat under Fed. Rule Crim. Pro., Rule 7(a). Absent a waiver of indictment, the information filed by the government did not validly toll the statute of limitations during the period of time in between the filing of the information on January 28, 2011, and the dismissal of the information on July 24, 2017. Just as the invalid information cannot serve to toll the statute of limitations, it cannot be utilized by the government, pursuant to 18 U.S.C. § 3288, as the basis of a newly filed indictment. Consequently, the government's October 19, 2017 indictment of Mr. Marifat is untimely and must be dismissed.

### III.

### CONCLUSION

For the aforementioned reasons, Mr. Marifat respectfully requests this Court grant his motion to dismiss the Indictment.

Dated: February 26, 2018					Respectfully submitted,

								**BAY AREA CRIMINAL LAWYERS, PC**

								By: /s/David J. Cohen
								    DAVID J. COHEN, ESQ.

								Attorneys for Defendant **Yama Marifat**