DAVID J. COHEN, ESQ.
California Bar No. 145748
**BAY AREA CRIMINAL LAWYERS, PC**
300 Montgomery Street, Suite 660
San Francisco, CA 94104
Telephone: (415) 398-3900

Attorneys for Defendant **Yama Marifat**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> YAMA MARIFAT, <br><br> Defendant. | Case No. 2:17-cr-00189-WBS <br><br> **MR. MARIFAT'S MOTION TO DISMISS THE INDICTMENT AS INSUFFICIENT** <br><br> Date: April 16, 2018 <br> Time: 9:00 a.m. <br> Ctrm: 5 |

**TO: MCGREGOR SCOTT, ESQ., UNITED STATES ATTORNEY, EASTERN DISTRICT OF CALIFORNIA AND KELSEY LINNETT, ESQ., ASSISTANT UNITED STATES ATTORNEY, EASTERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTE that on April 16, 2018 at 9:00 a.m., or as soon thereafter as the motion may be heard, in the courtroom of the Honorable William B. Shubb, defendant Yama Marifat will move this Court to dismiss the Indictment for lack of specificity, pursuant to Federal Rule of Criminal Procedure, Rule 12(b)(3)(B). This motion is based on the following memorandum of points and authorities, the Constitution of the United States, all relevant statutory authority and case law, and such argument as the Court will entertain at the motion hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

Defendant Yama Marifat is charged in a single count indictment with the following: Count 1, a violation of 15 U.S.C. § 1, alleging a conspiracy to unreasonably restrain trade in violation of the Sherman Act. Mr. Marifat now moves this Court for an order dismissing the indictment for failure to state a claim with specificity, pursuant to Federal Rule of Criminal Procedure, Rule 12(b)(3)(B). Contemporaneous with the filing of this motion, Mr. Marifat is filing a motion for a bill of particulars, seeking additional information and clarity about the nature of the allegation in order to ensure that the Indictment contains the elements of the charged offense in sufficient detail for Mr. Marifat to prepare his defense; ensure him that he is being prosecuted on the basis of the facts presented to the grand jury; enable him to plead double jeopardy; and inform the court of the alleged facts so that it can determine the sufficiency of the charge.[1]

The Indictment alleges a conspiracy to rig bids, in violation of 15 U.S.C. § 1, but the factual details of the allegation are so sparse that they do not provide Mr. Marifat with sufficient notice of charges such that he can prepare a defense and plead a bar to subsequent prosecutions based upon similar facts and/or allegations. The Indictment must either be dismissed for failure to state an offense with sufficient specificity or, if possible, supplemented by a bill of particulars. Therefore, Mr. Marifat respectfully requests that this Court order the indictment dismissed in its entirety.

**II.**

**ARGUMENT**

A.   <u>Applicable Law Regarding a Motion to Dismiss for Insufficient Specificity.</u>

---

[1] Mr. Marifat hereby incorporates his Motion for a Bill of Particulars into the present motion.

The core purpose of an indictment is to provide notice of the charges against the defendant. Notice must be clear and must, at the very least, "'fairly inform[] a defendant of the charge against which he must defend'" such that he may plead, prepare a defense, ensure he is prosecuted on the basis of facts presented to the grand jury, protect against future prosecution, and inform the court of the facts alleged to evaluate the sufficiency of the evidence. *See United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007) (citing *Hamling v. United States*, 418 U.S. 102, 117 (1974)); *see also United States v. Cecil*, 608 F.2d 1294, 1296 (9th Cir. 1979) (*citing Russell v. United States*, 369 U.S. 749, 763, 768 n.15 (1962)); *United States v. Lane*, 765 F.2d 1376 (9th Cir. 1985).

Under Rule 12(b) of the Federal Rules of Criminal Procedure, a party may file a motion to dismiss based on "any defense, objection, or request that the court can determine without a trial of the general issue." Fed. R. Crim. P. 12(b); *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986). "However, 'a district court may make preliminary findings of fact necessary to decide the questions of law presented by pre-trial motions so long as the court's findings on the motion do not invade the province of the ultimate finder of fact.'" *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986) (*quoting United States v. Jones*, 1976, 542 F.2d 661, 664 (6th Cir. 1976)). In considering a motion to dismiss, the court is limited to the face of the indictment and must accept the facts alleged in that indictment as true. *See United States v. Lyle*, 742 F.3d 434, 436 (9th Cir. 2014); *Winslow v. United States*, 216 F.2d 912, 913 (9th Cir. 1955).

In *Russell v. United States*, 369 U.S. 749 (1962), a defendant was charged, under 2 U.S.C. § 192, with refusing to answer certain questions when summoned before a congressional subcommittee. In that case, the indictment failed to identify the subject under congressional subcommittee inquiry at the time the witness was interrogated, merely tracking the language of the statute by stating that the questions "were pertinent to the questions then under inquiry." *Russell*, 369

U.S. at 751-52. The Court held that technical deficiencies in an indictment will not result in dismissal, but an adequate indictment must still offer the same procedural protections "a grand jury indictment was intended to confer[.]" *Russell*, 369 U.S. at 763. An indictment may track the language of the statute, as long as "those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished." *Hamling v. United States*, 418 U.S. 87, 117 (1974) (*quoting United States v. Carll*, 105 U.S. 611, 612 (1882)). "An indictment not framed to apprise the defendant 'with reasonable certainty, of the nature of the charges against him ... is defective, although it may follow the language of the statute.'" *Russell v. United States*, 369 U.S. 749, 765 (1962) (*quoting United States v. Simmons*, 96 U.S. 360, 362 (1877)).

To be sufficient to a defendant's motion to dismiss, an indictment must contain "the elements of the charged offense in sufficient detail (1) to enable the defendant to prepare his defense; (2) to ensure him that he is being prosecuted on the basis of the facts presented to the grand jury; (3) to enable him to plead double jeopardy; and (4) to inform the court of the alleged facts so that it can determine the sufficiency of the charge." *United States v. Rosi*, 27 F.3d 409, 414 (9th Cir. 1994). "To perform these functions, the indictment must set forth the elements of the offense charged and contain a statement of the facts and circumstances that will inform the accused of the specific offense with which he is charged." *United States v. Cecil*, 608 F.2d 1294, 1296 (9th Cir. 1979) (*citing Hamling v. United States*, 418 U.S. 87, 117-18 (1974)).

B.  <u>The Indictment Insufficiently Pleads Facts Constituting the Alleged Offense.</u>

In the present case, Mr. Marifat is alleged to have knowingly entered into a conspiracy with other individuals to suppress and eliminate competition by rigging bids to obtain selected properties at public real estate foreclosure auctions in San Joaquin County, beginning in or about April 2009

and continuing until in or about October 2009. *See* Exhibit A, October 19, 2017 Indictment. The averments in the indictment, however, do not allege the elements in sufficient detail so as to "provide the 'substantial safeguards' to [Mr. Marifat] that indictments are designed to guarantee, *United States v. Cecil*, 608 F.2d 1294, 1296 (9th Cir. 1979) (quoting *Russell v. United States*, 369 U.S. 749, 763 (1962)), such as the ability to prepare his defense or plead a bar to subsequent prosecution for similarly alleged conduct.

One of the primary hurdles in preparing a defense to the charges, or in ensuring that subsequent prosecutions would be barred, is the overly general allegation made in the Indictment with sparse factual details supporting those allegations. There are no specifics regarding who was involved, how many people were involved, when the conspiracy began, when Mr. Marifat joined the conspiracy, when Mr. Marifat or others took any of the described actions alleged, whether Mr. Marifat or other individuals played different roles in the alleged conspiracy, or any specifics about how the alleged conspiracy operated.

The Indictment contains very limited and general statements of the factual circumstances surrounding the allegation, particularly in light of the extensive amount of discovery received by the defense with respect to this case that indicates a large number of individuals potentially involved in the alleged conspiracy or conspiracies at potentially different times. While the Indictment alleges several means and methods of the alleged conspiracy, the limited detail describing the methods utilized by the co-conspirators does not allege what role Mr. Marifat, or any other identified individual, actually had in this alleged conspiracy. *See* Dkt. 1 ¶ 4. With respect to the specific conduct alleged, all that is described with certainty is that Mr. Marifat purchased real estate at public auction in San Joaquin County. *Id.* at ¶ 6. The Indictment does not articulate the number of properties allegedly purchased by Mr. Marifat, or others, pursuant to the alleged conspiracy.

The Indictment alleges a conspiracy to rig bids based upon an agreement between the conspirators not to compete with one another, but the Indictment does not identify how many other co-conspirators were involved, or even identify a single named individual with whom Mr. Marifat is alleged to have conspired. It is not clear if the Government is alleging that Mr. Marifat engaged in a conspiracy with two other individuals or twenty. The discovery in this case indicates the potential involvement of a significant number of other individuals, however, the Indictment is not written in a way that provides notice to Mr. Marifat about the nature of the alleged conspiracy or the allegations against which he must defend. This Indictment may be interpreted as an agreement between any number of unknown individuals, and does not exclude the possibility that the Government may alleged there to be separate, overlapping, or parallel conspiracies, rendering it impossible to determine which of these conspiracies would be barred by a subsequent prosecution. Nothing about the Indictment provides notice to Mr. Marifat sufficient for him to prepare a defense to the allegations or plead a bar to future prosecution, as the Indictment is alleging that he conspired with an unknown number of unknown persons in which he participated by purchasing property pursuant to a general agreement not to compete.

Further, while the Indictment alleges a conspiracy over a period of approximately six months, the Indictment does not make clear whether Mr. Marifat is alleged to have been involved during this entire time period, if he joined the conspiracy at some point within that larger timeframe, or even if the conspiracy lasted for a longer period of time and the six month time period is a subset of the longer conspiracy. The unclear nature of the timeframe of the alleged conspiracy, or the timeframe of Mr. Marifat's alleged participation in the conspiracy, does not provide sufficient information about the allegation such that Mr. Marifat can prepare a defense to the general allegations raised by

the remainder of the Indictment or plead a bar to subsequent prosecutions.[2]

In total, the Indictment in the present case does not provide sufficient factual detail to fairly inform Mr. Marifat of the charges in such a way that he may plead a bar to subsequent prosecutions, prepare a defense to these charges, ensure he is prosecuted on the basis of facts presented to the grand jury, or inform the court of the facts alleged to evaluate the sufficiency of the charges. Without more detail regarding the identity and number of participants in the alleged conspiracy, the details of Mr. Marifat's alleged agreement with one or more of these identified individuals, and the role or roles Mr. Marifat and the other conspirators allegedly agreed to as part of this conspiracy, the Indictment is insufficient to satisfy its core functions and must be dismissed.

### III.

### CONCLUSION

For the aforementioned reasons, this Court should hold that, pursuant to Federal Rule of Criminal Procedure, Rule 12(b)(3)(B), the Indictment fails to state an offense with sufficient specificity, and dismiss the indictment in its entirety.

Dated: February 26, 2018                    Respectfully submitted,

**BAY AREA CRIMINAL LAWYERS, PC**

By: /s/David J. Cohen
DAVID J. COHEN, ESQ.

Attorneys for Defendant **Yama Marifat**

---

[2] While the Indictment does not identify any of the other alleged co-conspirators, a review of the discovery provided in this case indicates that other members of the alleged conspiracy potentially involve Andrew Katakis and Donald Parker, who were separately charged and convicted. It is noteworthy that the indictment filed against Mr. Katakis and Mr. Parker involves a separate timeframe from that involving Mr. Marifat, raising concerns and questions about whether the alleged conspiracy is the same one alleged against those defendants, and raising concerns about Mr. Marifat's ability to plead a bar to subsequent prosecutions for similarly alleged conspiracies. *See* Eastern District of California, Case 2:11-cr-00511-WBS, Dkt. 136, filed May, 8, 2013.

Mr. Marifat's Motion to Dismiss the Indictment as Insufficient
*U.S. v. Marifat*
Case No. 2:17-cr-00189-WBS                    7