KELSEY C. LINNETT (CSBN 274547)
ANDREW MAST (CSBN 284070)
ARSHIA NAJAFI (CSBN 311229)
Trial Attorneys
U.S. Department of Justice
Antitrust Division
450 Golden Gate Avenue, Room 10-0101
San Francisco, California 94102-3478
Telephone: (415) 934-5300
andrew.mast@usdoj.gov

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:17-CR-0189 WBS |
|---|---|
| Plaintiff, | **UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS BASED ON THE STATUTE OF LIMITATIONS** |
| v. | |
| YAMA MARIFAT, | |
| Defendant. | DATE: April 16, 2018<br>TIME: 9:00 a.m.<br>COURT: Honorable William B. Shubb |

## INTRODUCTION

Defendant Yama Marifat's motion to dismiss the indictment based on the statute of limitations should be denied. Marifat pleaded guilty to charges in an information that was filed within the statute of limitations period. After Marifat withdrew his guilty plea and the information was dismissed, the government timely filed an indictment less than three months later—well within six months of the dismissal, as authorized explicitly by 18 U.S.C. § 3288.

Before pleading guilty, Marifat knowingly and voluntarily waived his right to be charged by indictment three different ways: by his statements at his plea hearing, by his signature on a separate written waiver of indictment, and by the clear language in his plea agreement. Marifat has no basis to claim that the information was structurally deficient—though even a structurally

deficient charging document tolls the statute of limitations.  Regardless, Marifat waived all statute of limitations defenses in his plea agreement and has failed to show that his plea agreement and its waivers are unenforceable.  Marifat's contentions that the Court cannot consider his statements at his plea colloquy or the explicit and knowing waivers in his plea agreement do not have legal support.

## BACKGROUND

On January 28, 2011, the United States filed an information was filed against Marifat, charging him with bid rigging and conspiracy to commit mail fraud.  Exhibit A (11-CR-00039-WBS, Dkt. 1) ("information).  At his initial appearance and guilty plea hearing on March 4, 2011, the Court advised Marifat of his "rights in connection with [his] waiver of indictment."  Exhibit B, Transcript of Marifat Guilty Plea H'rng, Mar. 4, 2011 Tr. 5:7-8.  The Court indicated that Marifat had a "constitutional right to require the Government to proceed by way of indictment by a Grand Jury," and that he "cannot be prosecuted by way of Information unless [he] consent[ed]."  Mar. 4, 2011 Tr. 5:9-14.  Marifat acknowledged in open court that he wanted to waive his right to be prosecuted by indictment.  Mar. 4, 2011 Tr. 5:17-20.  Additionally, Marifat executed a written waiver of indictment in open court.  Exhibit C, (11-CR-00039-WBS, Dkt. 10); Mar. 4, 2011 Tr. 5:21-24.

The Court also advised Marifat of the terms of his plea agreement and confirmed that Marifat had discussed the terms of his plea agreement with his counsel.  Mar. 4, 2011 Tr. 6:4-26.  The Court then conducted a Rule 11 colloquy, in which the Court or prosecutor explained the nature of the charges, the factual basis of the offense, the maximum penalties, as well as certain rights Marifat would give up by pleading guilty.  *See generally* Mar. 4, 2011 Tr. 7:3-17:28.  Marifat pleaded guilty to both counts in the information.  Marifat also signed and filed his plea agreement with the Court.  The plea agreement included provisions waiving certain rights, including a waiver of indictment.  Exhibit D, Plea Agreement at 3 (11-CR-00039-WBS, Dkt. 11).  Likewise, Marifat's plea agreement stated that "if the defendant successfully moves to withdraw his plea: (1) all statements made by the defendant to the government or other designated law enforcement agents. . .whether before or after this Agreement, shall be admissible

in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this Agreement, or any leads derived therefrom, should be suppressed." Plea Agreement at 6.  By signing the plea agreement, Marifat affirmed, "I have read this Plea and Cooperation Agreement and carefully reviewed every part of it with my attorney.  I understand it, and I voluntarily agree to it."

On September 11, 2016, over five years after entering a guilty plea, Marifat filed a motion to withdraw his plea.  In granting his motion, the Court explained that "[c]ritical to [its] analysis of defendant's motion is the fact that he has yet to be sentenced" and that the motion is governed by the "generous" "fair and just" standard." Exhibit E, (11-CR-00039-WBS, Dkt. 95). The Court observed that the Rule 11 allocution failed to advise the Defendant of his right to compel witnesses to appear, his right to testify, and his right to present evidence, and because the Court was constrained to the statements made in the record, it allowed Marifat to withdraw his plea under the "fair and just" standard.  *Id*.  But the Court noted that it did not "for one minute" believe that Marifat did not understand these rights.  *Id*.

On June 19, 2017, Marifat moved to dismiss the information.  The government filed a statement of non-opposition on July 5, 2017.  On July 24, 2017, the Court dismissed the information.  On October 19, 2017, the grand jury returned an indictment charging Marifat with one count of bid rigging in violation of 15 U.S.C. § 1.

On February 26, 2018, Marifat filed a motion to dismiss the indictment, arguing that the original charging document did not toll the statute of limitations because it was an insufficient charging document and that the indictment was therefore returned past the statute of limitations.

//
//
//
//

# ARGUMENT
### A. 18 U.S.C. § 3288 Expressly Authorized The Government To Re-Charge Marifat

The October 19, 2017 indictment was timely because, "[w]henever an indictment or information charging a felony is dismissed for any reason after the period prescribed by the applicable statute of limitations has expired, a new indictment may be returned in the appropriate jurisdiction within six calendar months of the date of dismissal." 18 U.S.C. § 3288.  The sole exception to § 3288's statutory tolling is when the "reason for the dismissal was the failure to file the indictment or information within the period prescribed by the applicable statute of limitations, or some other reason that would bar a new prosecution." *Id*.

The Ninth Circuit has made clear that "§ 3288 was meant to apply whenever the first charging paper was vacated for any reason whatever." *United States v. Horowitz*, 756 F.2d 1400, 1403 (9th Cir. 1985); *see also United States v. W. R. Grace*, 504 F.3d 745, 752 (9th Cir. 2007) (Section 3288 permits re-charging defendant if original charging document was "structurally flawed but timely filed").  Notably, § 3288 expressly permits the government to re-charge a defendant previously charged by information rather than indictment.  In fact, Congress amended § 3288 in 1964 "to correct a 'loophole' in the law which occurred when it became possible to charge by information as well as indictment." *United States v. Charnay,* 537 F.2d 353 (9th Cir. 1976).[1]  Thus, "§ 3288 as amended is far from ambiguous." *United States v. Liersch*, No. 04CR02521, 2005 U.S. Dist. LEXIS 47016 (S.D. Cal. May 2, 2005).

Here, the government indicted Marifat less than three months after the Court dismissed the original information.  Dkt. 1.  Thus, § 3288 expressly permits the government to re-charge Marifat and precludes his argument based on the statute of limitations.  Marifat concedes that he

//

---

[1] In 1988, Congress amended the statute again, substituting the current language, "Whenever an indictment or information charging a felony is dismissed for any reason," in place of the old: "Whenever an indictment is dismissed for any error, defect, or irregularity with respect to the grand jury, or an indictment or information filed after the defendant waives in open court prosecution by indictment is found otherwise defective or insufficient for any cause." This "simplified" § 3288 by providing the same six-month grace period "[w]henever an indictment or information. . . is dismissed for any reason." *United States v. Clawson*, 104 F.3d 250, 251-52 (9th Cir. 1996).

was indicted within six months of the dismissal of his information, but contends that the previously filed information "is insufficient to prosecute Mr. Marifat." Dkt. 20 at 14.  But § 3288 expressly permits the government to re-charge a defendant within six months of a dismissal of an original information or indictment "for any reason," including if the original information was insufficient.  18 U.S.C. § 3288; *see also Horowitz*, 756 F.2d at 1403 (Section 3288 "does not bar reindictment when the original indictment was dismissed for a legal defect or defects"); *see also Charnay*, 537 F.2d at 353.

      Marifat's primary contention—that the information contained a legal defect because it was based on an invalid waiver of indictment—is squarely foreclosed by Ninth Circuit precedent.  In *Charnay,* after an initial indictment was dismissed for failure to state an offense, the government re-indicted the defendant, relying on § 3288 to toll the applicable statute of limitations.  537 F.2d at 353.  The Ninth Circuit held that § 3288 permitted the government to re-charge the defendant despite "the legal defect" in the first indictment, noting that the congressional intent of § 3288 was to authorize the government to re-charge a defendant "in any case in which an indictment is found defective or insufficient *for any cause*, after the period prescribed by the statute of limitations has run."  *Id.* at 353-54 (emphasis added).  Even if Marifat had not waived indictment (which he did, *see infra*), *Charnay* makes clear that § 3288 would toll the statute of limitations for six months after the dismissal of Marifat's information. *W.R. Grace*, 504 F.3d at 753 ("[The] underlying concept of § 3288 is that if the defendant was indicted within time, then approximately the same facts may be used for the basis of any new indictment [obtained after the statute has run]. . . , if the earlier indictment runs into legal pitfalls.") (*quoting Charnay*, 537 F.2d at 354).

      Similarly, § 3288 tolls the statute of limitations even when an information is filed without any corresponding waiver of indictment from the defendant.  *United States v. Burdix-Dana*, 149 F.3d 741, 742 (7th Cir. 1998).  In *Burdix*-Dana, the government filed an information against defendant within the applicable statute of limitations.  *Id.*  The government, however, did not obtain a waiver of indictment from the defendant.  *Id.*  Subsequently, the grand jury returned an indictment charging the defendant with the same crime, but filed outside the applicable statute of

1  limitations. *Id.* Thereafter, the government dismissed the information against the defendant. *Id.*
2  The defendant contended that § 3288 did not function to toll the statute of limitations because the
3  initial information was not accompanied by a waiver, but the court rejected this argument and
4  held that while the absence of "a valid waiver of prosecution by indictment bars that acceptance
5  of a guilty plea or a trial on the relevant charges, *see* Fed. R. Crim. P. 7(b) [. . .] the absence of
6  this waiver [does not make] the filing of an information a nullity." *Id.* Accordingly, the court
7  held that, upon dismissal of the information, § 3288 tolled the statute of limitations for six
8  months even in the absence of a waiver of indictment.[2] *Id.*

9  Marifat cannot rely on *United States v. Grady*, 544 F.2d 598 (2nd Cir. 1976), because that
10 decision does not implicate § 3288 at all. In *Grady,* the defendants were charged by indictment
11 within the applicable statute of limitations, and then subsequently charged by a superseding
12 indictment outside the statute of limitations. 544 F.2d at 601. The Second Circuit rejected the
13 defendants' statute of limitations defense and held that the statute of limitations was tolled while
14 the "first indictment was still validly pending" because the superseding indictment did "not
15 broaden the charges made in the first indictment." *Id.* at 601-02. Although *Grady* did not
16 implicate § 3288 because the superseding indictment was filed before the dismissal of the first,
17 the Second Circuit made clear that "[t]he statute [of limitations] begins to run again on those
18 charges only if the indictment is dismissed, and the government must then reindict before the
19 statute runs out or within six months, whichever is later, in order not to be time-barred." *Id.*

20 Marifat does not contend that the indictment broadened the charges filed in his initial
21 information. Nor could he. The charging language in the bid-rigging count of Marifat's
22 indictment is substantially the same as in the information. The only substantive change between

---

[2] In *United States v. Machado*, 2005 WL 2886213 (D. Mass. Nov. 3, 2005), a district court declined to follow *Burdix-Dana*, expressing concerns that filing an information under seal, without a corresponding waiver, could function to toll the statute of limitations indefinitely because an unwitting defendant could not move to dismiss a sealed information, thereby triggering the six-month tolling period specified by § 3288. *Machado* is an outlier. *See United States v. Stewart*, 425 F. Supp. 2d 727, 733 (E.D. VA. 2006) (collecting cases); *see also Machado*, 2005 WL 2886213 at *3 (collecting cases). But here, this Court need not consider whether an information without a corresponding waiver tolls the statute because Marifat plainly waived his right to indictment.

the two charging documents is that the indictment does not charge Marifat with mail fraud. Thus, the indictment narrowed, rather than broadened, the charges against Marifat. *See Grady* 544 F.2d at 602.[3]

Marifat was charged by, and pleaded guilty to, an information filed within the applicable statute of limitations period. The only issue is whether that information was somehow invalid because of Marifat's successful motion to withdraw his plea five and a half years later. Yet the Court merely granted a withdrawal of his guilty plea—everything else remained valid, including the information, until it was dismissed based on the defendant's request and the government's non-opposition. To be clear, the information was valid, as was Marifat's waiver of indictment. Marifat waived his right to be indicted three times—in the plea agreement, orally in open court, and by signing a separate written waiver of indictment in open court. Nevertheless, the government did not oppose dismissing the information because § 3288 allowed for Marifat to be re-charged. Within three months of the information being dismissed, the government filed an indictment against Marifat, charging him with one count of bid rigging. Accordingly, based on the plain language of § 3288 and Ninth Circuit law, the indictment is not barred by the statute of limitations. When an original charging document has been dismissed for any reason, the government may file a new indictment within six months of that dismissal. Accordingly, Marifat's attempt to dismiss the indictment based on the statute of limitations should be rejected.

//

//

---

[3] Nor do *United States v. Rutkoske*, 506 F.3d 170 (2d Cir. 2007) or *United States v. Midgley*, 142 F.3d 174, 175 (3d Cir. 1998) support Marifat's contention that § 3288 does not apply. In *Rutkoske,* the Second Circuit held that "*Grady* and its progeny impose a two-part test for relation back of a superseding indictment: the original indictment must be validly pending, and the superseding indictment must not materially broaden or substantially amend the charges." *Id*. at 175. Like *Grady*, *Rutkoske* did not implicate § 3288 at all. Likewise, in *Midgley* the government sought to reinstitute charges previously dismissed pursuant to a plea agreement after the defendant prevailed on a collateral attack to the conviction that formed the basis of his plea agreement. 142 F.3d at 175. The Third Circuit held the statute of limitations of the offense applied and declined to impose equitable tolling of the statute, noting that the government could have sought the defendant's waiver of a statute of limitations defense in the plea agreement. *Id.* at 179-80. Again, this case did not implicate § 3288.

**B. Marifat Knowingly And Voluntarily Waived Indictment**

A waiver of indictment is not necessary to toll the statute of limitations under 18 U.S.C. § 3288, *see Burdix-Dana*, 149 F.3d at 142. But even if § 3288 did not apply to an information filed without a waiver, Marifat unquestionably waived his right to proceed by indictment. In fact, Marifat waived his right to indictment three times: through a written waiver, orally in open court, and in his signed plea agreement. Perhaps recognizing the clarity of his waiver of indictment, Marifat seeks to use Federal Rule of Evidence 410 as a shield that would preclude the Court from considering Marifat's clear waiver in open court. Additionally, Marifat contends that his otherwise knowing waiver became invalid when the Court permitted him to withdraw from his guilty plea. These contentions lack merit.

   1.   <u>Marifat's waiver of indictment was clear and unambiguous.</u>

Under Federal Rule of Criminal Procedure 7, "[a]n offense punishable by imprisonment for more than one year may be prosecuted by information if the defendant—in open court and after being advised of the nature of the charge and of the defendant's rights—waives prosecution by indictment." Marifat did just that. At his initial appearance and plea hearing, the Court advised Marifat that he had the right to proceed by indictment and that "[he] cannot be prosecuted by way of Information unless [he] consent[s]." Mar. 4, 2011 Tr. 5:9-10. The Court further advised that Marifat "can't be indicted unless a Grand Jury found probable cause." Mar. 4, 2011 Tr. 5:9-14. Marifat acknowledged in open court that he wanted to waive his right to be prosecuted by indictment and executed a written waiver of indictment in open court. Mar. 4, 2011 Tr. 5:17-24; Exhibit C (11-CR-00039-WBS, Dkt. 10). This signed waiver states unambiguously, "being advised of the nature of the charge[s], the proposed information, and of [his] rights, hereby waive[s] in open court on March, 4, 2011, prosecution by indictment and consent[s] that the proceeding may be by information rather than indictment." Exhibit C (11-CR-00039-WBS, Dkt. 10). Marifat confirmed that he read and understood the waiver of indictment and, with advice of his counsel, he "freely and voluntarily" agreed to waive indictment. Mar. 4, 2011 Tr. 5:23-6:2. In addition to Marifat's unambiguous waiver in open

//

court, Marifat's plea agreement also contains a waiver of indictment, stating expressly, "The defendant will waive indictment by grand jury . . . ." Plea Agreement at 3.

  2. <u>Federal Rule of Evidence 410 does not preclude consideration of Marifat's statements at his plea hearing or in his plea agreement.</u>

Paradoxically, while contesting the validity of his waiver of indictment, Marifat contends that Federal Rule of Evidence 410 bars the Court from considering the statements he made that pertained to that waiver at his guilty plea hearing. But Rule 410 plainly does not apply here. That rule provides that evidence of a defendant's guilty plea that was later withdrawn and statements made during a defendant's guilty plea proceeding are not admissible at trial against the defendant. But "the rules of evidence normally applicable in criminal trials do not operate with full force at hearings before the judge." *United States v. Matlock*, 415 U.S. 164, 172 (1974).

Even so, Rule 410 provides that "in any proceeding in which another statement made during the same plea or plea discussions has been introduced, if in fairness the statements ought to be considered together," the court should admit the statements from the defendant's plea hearing. Fed. R. Evid. 410(b)(1). Here, Marifat is contesting the validity of the waiver of his indictment, and his motion relies in part on the Court's statements during his plea hearing. Marifat cannot cherry-pick what he wants the Court to consider regarding the voluntariness of his waiver.[4]

Nor does 410 preclude the Court from considering the contents of Marifat's plea agreement or the waiver of indictment contained therein. In fact, Marifat's plea agreement itself contains a waiver of his protections under Rule 410. Plea Agreement at 5. Accordingly, the

---

[4] Courts frequently consider a defendant's plea agreement and plea hearing to determine the voluntariness of the defendant's waivers. *See, e.g., United States v. Midgley*, 142 F.3d 174, 175 (3d Cir. 1998) (examining the plea agreement to determine whether it "contained a provision for waiver of Midgley's statute of limitations defense as to the counts to be dismissed"); *see also United States v. Mezzanatto*, 513 U.S. 196, 209 (1995) (examining the plea discussions to determine whether waiver of Rule 410 protections as a part of those discussions was knowing and voluntary); *see also United States v. Jim*, 786 F.3d 802, 809 (10th Cir. 2015) (analyzing provisions and waivers of the plea agreement and surrounding statements to determine if the waiver was knowing and voluntary).

1  Court can and should consider the entire record, including Marifat's statements at his plea
2  hearing and in his plea agreement, to determine the voluntariness of Marifat's waiver of
3  indictment. *See United States v. Mezzanatto*, 513 U.S. 196, 115 S. Ct. 797 (1995).

4      3.   <u>The waiver of indictment in Marifat's plea agreement remains valid.</u>

5      Putting aside the fact that Marifat acknowledged his waiver of indictment in open court
6  and executed a separate, written waiver of indictment, the waivers contained in Marifat's plea
7  agreement standing alone, including the waiver of indictment, remain binding on Marifat. The
8  Supreme Court has made clear that such waivers are valid "absent some affirmative indication
9  that the agreement was entered into unknowingly or involuntarily." *See United States v.*
10 *Mezzanatto*, 513 U.S. 196, 210(1995); *see also United States v. Moore*, 164 F.3d 632 (9th Cir.
11 1998) (unpublished); *United States v. Transfiguracion*, 442 F.3d 1222, 1231 (9th Cir. 2006)
12 (waivers contained in a plea agreement are valid where the plea agreement addresses the waiver
13 "expressly").

14     Marifat has provided no indication that the waiver of indictment contained in his plea
15 agreement was unknowing or involuntary. Just the opposite: the record underscores that Marifat
16 knowingly and voluntarily waived indictment in the plea agreement when he acknowledged in
17 open court that he understood the waiver of indictment contained in his plea agreement. Mar. 4,
18 2011 Tr. 5:21-6:2. Furthermore, the plea agreement itself confirms that Marifat entered the
19 agreement "voluntarily" and after consultation with counsel. Plea Agreement at 15.

20     *United States v. Jim*, 786 F.3d 802, 807 (10th Cir. 2015) is instructive. In *Jim*, the
21 defendant pleaded guilty pursuant to a plea agreement that contained a Rule 410 waiver
22 provision, but later moved to withdraw his plea. *Id.* Because the court did not inform the
23 defendant that he was waiving his right to trial by pleading guilty, as required by Rule 11, the
24 court expressed "doubts" regarding whether the defendant entered his plea knowingly and
25 voluntarily, and accordingly permitted the defendant to withdraw his guilty plea. *Id.* at 807-08.
26 But when the defendant proceeded to trial and sought to exclude the admissions he made in his
27 plea agreement and during his plea hearing, the court enforced the Rule 410 waiver contained in
28 the defendant's plea agreement. *Id.* at 804. On appeal, the Tenth Circuit affirmed, noting that

the defendant "offered neither his own testimony nor any other evidence" tending to show that he entered his plea agreement involuntarily. *Id.* at 812. Accordingly, the Rule 410 waiver in the defendant's plea agreement was enforceable even after the defendant withdrew his guilty plea.[5] *Id.* at 813.

Here, like *Jim,* Marifat's plea agreement waivers remain valid. Marifat has offered no evidence tending to show that he entered his plea agreement involuntarily. And the record demonstrates that Marifat signed it voluntarily and with full knowledge of its terms. At the plea hearing, the Court advised Marifat of the terms of his plea agreement. Mar. 4, 2011 Tr. 6:4-21. Marifat confirmed that he had enough time to discuss his case and guilty plea with his attorney, and that he was satisfied with his attorney's representation. Mar. 4, 2011 Tr. 9:18-23. Moreover, before signing the plea agreement, Marifat attested that he "read [his] Plea and Cooperation Agreement and carefully reviewed every part of it with [his] attorney." Plea Agreement at 15. And the Plea Agreement makes clear that Marifat "will waive indictment by grand jury."[6] Plea Agreement at 3.

Marifat cannot rely on *United States v. Portillo-Cano*, 192 F.3d 1246 (9th Cir. 1999), which raised "fundamental" concerns—not present here—that the defendant did not understand the charges against him. 192 F.3d at 1251-52. Because neither the court nor the prosecutor explained the nature of the charges, the Ninth Circuit refused to enforce the defendant's appellate waiver and vacated his conviction. *Id.* at 1252. There, "the government's only argument" was

//

---

[5] The Ninth Circuit has likewise held that a defendant's withdrawal of a guilty plea does not thereby invalidate the plea agreement. *Moore,* 164 F.3d at 632; *see also Transfiguracion*, 442 F.3d at 1237 (enforcing terms of the plea agreement despite the defendant's successful motion to vacate his conviction).

[6] Marifat's plea agreement also waives protections under Federal Rule of Evidence 410. Specifically, it states that "if [Marifat] successfully moves to withdraw his plea. . . [he] shall assert no claim under . . . Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this Agreement, or any leads derived therefrom, should be suppressed." Plea Agreement at 6. Because Marifat has failed to show "some affirmative indication that the agreement was entered into unknowingly or involuntarily," the Rule 410 waiver provision is valid, and the Court may properly consider all of Marifat's statements when assessing the validity of his waiver of indictment. *See Mezzanatto*, 513 U.S. at 210; *see also Moore*, 164 F.3d at 632 (unpublished).

that the defendant waived his right to appeal his sentence and the government did not address whether the defendant had voluntarily entered his plea agreement. *Id.* at 1249. The Ninth Circuit simply held that a "defendant's right to be informed of the charges against him is at the core of Rule 11," and observed that a court's failure to ensure that the defendant understands the nature of the charges raises the prospect of an innocent defendant pleading guilty to charges he does not understand. *See id.* at 1251-52. These concerns about the voluntariness of the plea agreement are not present here.[7]

Here, Marifat was advised of the nature of charges against him, as well as terms of his plea agreement, during his plea hearing. Marifat's plea agreement makes clear that he "will waive indictment by grand jury." Plea Agreement at 3. While this Court recognized certain defects in Marifat's Rule 11 colloquy (specifically that he was not advised of his right to testify and to present evidence, as enumerated in Rule 11), *see* Exhibit E, the Court's decision to grant Marifat's motion to withdraw his plea under the "fair and just" standard did not undermine the validity of Marifat's plea agreement or waiver of indictment. *Jim*, 786 F.3d at 812; *see also United States v. Wenger*, 58 F.3d 280, 281 (7th Cir. 1995) (Rule 11 requires that defendant receive "elaborate warnings" prior to waiving certain constitutional rights, but that "other rights may be surrendered without warnings of any kind").[8]

//

//

---

[7] *Portillo-Cano* is also distinguishable because the waiver at issue was the right to file an appeal. *Id.* at 1250. Appeals are the very means by which a court can review whether a plea was accepted knowingly and voluntarily by a district court. In fact, because of the nature of the right to appeal, courts have already limited its waiver, including where there is "a claim of ineffective assistance of counsel or involuntariness of waiver." *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993). Again, this is distinct from an allocution that informed a defendant of the right to jury trial, while failing to address specific rights to present evidence and compel witnesses to appear.

[8] Indeed, although concluding that Marifat had established a fair and just reason for withdrawal, the Court noted that that it does not "for one minute" believe that Marifat did not understand that the right to a jury trial include the right to present evidence and witnesses. Exhibit E. The Court did not hold that the plea agreement—including provisions that did not require advisement under Rule 11 or that were contingent the event of successful withdrawal—were unknowing and involuntary.

1  Here, although not required by Rule 11, the Court advised Marifat of his right to proceed to trial by indictment and the existence of the waiver of indictment in Marifat's plea agreement.[9] Mar. 4, 2011 Tr. 5:9-6:2. And, consistent with the clear terms of his plea agreement, Marifat waived indictment. Mar. 4, 2011 Tr. 6:2. Marifat has presented no evidence he entered into his plea agreement unknowingly or involuntarily. Therefore, the waivers contained in his plea agreement, including his waiver of indictment, remain valid. *Mezzanatto*, 513 U.S. at 210; *see also Moore*, 164 F.3d at 632 (unpublished).

### C. Marifat Waived The Right to Challenge Charges Based On The Statute Of Limitations In His Plea Agreement

Not only did Marifat waive his right to proceed by indictment, but he also waived his right to challenge the charges against him based on the statute of limitations. Specifically, Marifat agreed "to waive all defenses based on the statute of limitations or delay of prosecution with respect to any prosecutions that are not time-barred as of the date of this agreement." Plea Agreement at 5-6. Like the waiver of indictment (and waiver of Rule 410 protections), Marifat's waiver of a statute of limitations defense remains valid.

Statutes of limitation are subject to waiver. *Zipes v. TWA*, 455 U.S. 385, 393 (1982); *United States v. Littlefield*, 105 F.3d 527, 528 (9th Cir. 1997) (explaining that a waiver of statute of limitations need not even be "express."). As opposed to certain other rights, a statute of limitations defense can be waived without "elaborate warnings" from the court. *See Wenger*, 58 F.3d at 281. Additionally, even when a defendant withdraws his guilty plea, he remains bound by contingent provisions contained in his plea agreement. *Jim*, 786 F.3d at 807; *see also Moore*, 164 F.3d at 632 (unpublished). In fact, clauses in plea agreements that waive defenses based on the statute of limitations are common, in part, to preclude a defendant, like Marifat, from waiting until the expiration of the statute of limitations before filing a motion to withdraw his plea. *See, e.g., United States v. Midgley*, 142 F.3d 174, 180 (3d Cir. 1998) ("[T]he government may seek to

---

[9] The indictment and its waiver are governed by Rule 7, separate and apart from a plea. Fed. R. Crim. P. 7. The Court does not need to advise on the right to indictment or waiver of this right at the Rule 11 hearing or under Rule 11. *See* Fed. R. Crim. P. 11. Rule 7 requires that a defendant may waive indictment in open court after being advised of the nature of the charge and of the defendant's rights. Fed. R. Crim. P. 7.

include a clause in future plea agreements whereby the defendant waives the statute of limitations defense as to dismissed counts if the defendant withdraws or challenges the guilty plea after the limitations period on the original charge has expired."); *see also United States v. Podde*, 105 F.3d 813, 821 (2d Cir. 1997) ("We note that the government can avoid similar results in future plea bargains by securing, from those defendants who are willing to give it, a waiver of the statute of limitations covering those situations in which the defendant withdraws or challenges his or her guilty plea after the limitations period on the original charges has expired.").

As discussed *supra,* Marifat has not presented any evidence that his plea agreement was entered into unknowingly or involuntarily. Accordingly, his waiver of a defense based on the statute of limitations remains valid. Marifat's motion should be denied. *Jim*, 786 F.3d at 809 ("It would make no sense to deny the efficacy" of the waiver "because that would render the waiver largely meaningless and deprive the government of the benefit of its bargain.").

## CONCLUSION

Marifat waited five and half years before moving to withdraw his plea and dismiss the information. Recognizing that such a defendant should not avoid prosecution, the applicable statute authorizes the government to file an indictment up to six months after an initial charging document is dismissed for any reason. Here, as explicitly authorized by 18 U.S.C. § 3288, the government filed an indictment against Marifat less than three months after the information was dismissed. Marifat's contention that his indictment waiver was invalid is irrelevant under § 3288 and finds no support in the record. Moreover, Marifat remains bound by his plea agreement, which explicitly waives defenses based on the statute of limitations. Therefore, Marifat's motion to dismiss the indictment based on the statute of limitations should be denied.

DATED: March 26, 2018

Respectfully submitted,

_____/s/_____
ANDREW J. MAST
Trial Attorney
Antitrust Division
U.S. Department of Justice

U.S.' OPP. TO DEF. MOT. TO DISMISS BASED ON STATUTE OF LIMITATION
17-CR-00189 WBS