DAVID J. COHEN, ESQ.
California Bar No. 145748
**BAY AREA CRIMINAL LAWYERS, PC**
300 Montgomery Street, Suite 660
San Francisco, CA 94104
Telephone: (415) 398-3900

Attorneys for Defendant **Yama Marifat**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,      ) | Case No. 2:17-cr-00189-WBS | |
| ) | | |
| Plaintiff,      ) | **MR. MARIFAT'S REPLY TO THE GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE INDICTMENT AS INSUFFICIENT** | |
| ) | | |
| v.      ) | | |
| ) | | |
| YAMA MARIFAT,      ) | | |
| ) | Date: April 16, 2018 | |
| Defendant.      ) | Time: 9:00 a.m. | |
| _____) | Ctrm: 5 | |

**I.**

**INTRODUCTION**

    The Indictment alleges a conspiracy to rig bids, in violation of 15 U.S.C. § 1, but is based upon factually sparse allegations that do not provide Mr. Marifat with sufficient notice of charges such that he can prepare a defense and plead a bar to subsequent prosecutions based upon similar facts and/or allegations. This information is basic and necessary to an understanding of the specific charges in this case. The Indictment must either be dismissed for failure to state an offense with sufficient specificity or, if possible, supplemented by a bill of particulars. For this reason, Mr. Marifat respectfully requests that this Court order the indictment dismissed in its entirety.

## II.

## **ARGUMENT**

A.   <u>Applicable Law Regarding a Motion to Dismiss for Insufficient Specificity</u>.

To determine whether an indictment is adequate to provide "'the substantial safeguards' to criminal defendants that indictments are designed to guarantee," an indictment "must furnish the defendant with a sufficient description of the charges against him to enable him to prepare his defense, to ensure that the defendant is prosecuted on the basis of facts presented to the grand jury, to enable him to plead jeopardy against a later prosecution, and to inform the court of the facts alleged so that it can determine the sufficiency of the charge." *United States v. Cecil*, 608 F.2d 1294, 1296 (9th Cir. 1979) (*quoting Russell v. United States*, 369 U.S. 749, 763, 768 n.15 (1962)); see also *United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007) (citing Hamling v. United States, 418 U.S. 102, 117 (1974)); *United States v. Lane*, 765 F.2d 1376 (9th Cir. 1985). Performing these functions requires the indictment to set forth the elements of the offense charged and contain a statement of the facts and circumstances that will inform the accused of the specific offense with which he is charged. *Cecil*, 608 F.2d at 1296 (*citing Hamling v. United States*, 418 U.S. 87, 117-18 (1974)).

In *Cecil*, the government charged the defendants with conspiring to possess with the intent to distribute a controlled substance. *Cecil*, 608 F.2d at 1295-96. The indictment tracked the language of the statute, identified the locations in which the conspiracies occurred, named some of the co-conspirators, and identified the object of the conspiracy. *Ibid*. However, the allegation contained an open-ended timeframe and did not state other facts or circumstances surrounding the alleged conspiracy sufficient to facilitate the proper preparation of a defense or to ensure that the defendants were prosecuted on facts presented to the grand jury. *Id*. at 1296. The Ninth Circuit made it clear that

the indictment must contain factual particularity with respect to an alleged conspiracy in order for an indictment to fulfill its intended function.

Similarly, in *Russell v. United States*, 369 U.S. 749 (1962), a defendant was charged, under 2 U.S.C. § 192, with refusing to answer certain questions when summoned before a congressional subcommittee. In that case, the indictment failed to identify the subject under congressional subcommittee inquiry at the time the witness was interrogated, merely tracking the language of the statute by stating that the questions "were pertinent to the questions then under inquiry." *Russell*, 369 U.S. at 751-52. The indictments set out "not only the times and places of the hearings at which the petitioners refused to testify, but also specified the precise questions which they then and there refused to answer." *Id*. at 764. In *Russell*, there was no doubt that the specifics of time and place "fully protected [the defendants] from again being put in jeopardy for the same offense." *Ibid*. Nevertheless, despite identifying the time and place of the Congressional hearings, as well as the relevant questions asked that the defendants refused to answer, the Court held that the failure to identify with specificity the subject matter under inquiry failed to sufficiently apprise the defendants of what they must be prepared to meet. The Court held that the government could not rely on generic terms used to define the offense, but that it must "descend to the particulars" in order to apprise the defendant with reasonable certainty, of the nature of the accusation against him. *Id*. at 765. The Court affirmed that an indictment must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence with which he is charged. *Ibid*.

The government argues that *Russell* is unique to the charges contained therein, and that the general description provided in the current indictment is sufficient despite the lack of detail pertaining to the facts and circumstances surrounding the particulars of the allegation, the participants involved, the defendant's conduct, and the properties allegedly purchased pursuant to

the conspiracy. The government is incorrect. The government relies upon *United States v. James*, No. CR 15-82-BLG-SPW, 2015 U.S. Dist. LEXIS 155364 (D. Mont. Nov. 17, 2015), in support of their argument that the indictment need not identify any of the names of known co-conspirators. First, it should be noted that the factual background and legal analysis in James is extremely sparse, and the indictment is not even quoted in full. *Id*. at 1-3. The absence of named co-conspirators was only briefly discussed by the District Court, and it should be noted that the District Court permitted the government to file its responsive brief under seal to protect the names of informants with whom the defendant allegedly conspired. *Id*. at 1-2.

Further, the government relies upon *United States v. Milburn*, No. CR 05-00167 WHA, 2007 U.S. Dist. LEXIS 80858 (N.D. Cal. Oct. 22, 2007), to argue that an indictment need not identify alleged co-conspirators and their roles. *Milburn* presented a substantially different set of circumstances from the present case. In *Milburn*, the defendant was charged with, among other things, conspiracy to possess and distribute narcotics; conspiracy to participate in a racketeer influenced and corrupt organization; conspiracy to use, carry, and possess firearms during and in relation to a drug conspiracy; murder in aid of racketeering; multiple counts of conspiracy to murder in aid of racketeering; conspiracy to tamper with a witness; using, carrying and possessing a firearm during and in relation to a crime of violence. *Id*. at 2-3. The grand jury's findings gave the government grounds to seek the death penalty. *Id*. at 3.

The defendant filed a motion for a bill of particulars seeking additional information about the charges, including the names of his conspirators. *Id*. at 2. It is within this context that the government kept the names of alleged conspirators, who were also witnesses, a closely guarded secret to "protect them from potential retaliation and violence." *Id*. at 9-10. The District Court denied the request to identify the conspirators "[t]o the extent that defendants' requests seek names that are

properly withheld pursuant to the Court's previous orders," but noted that the indictment identified what the District Court deemed a sufficient number of conspirators. *Ibid*. As it related to the particulars of the conspiracy count, the District Court noted that the indictment "*described the members*, the goals of the conspiracies, the ways, manner and means to accomplish the conspiracies, and the overt acts." *Id*. at 13 (emphasis added). It is clear from the description of the indictment in *Milburn* that the indictment was pleaded with a great deal of specificity. For example, the first count in the indictment alleged "dates of each of the seventy-three overt acts" alleged, the second count alleged "dates for most of the thirty racketeering acts" and the third count alleged dates for "each of the fifty-seven overt acts" alleged. *Id*. at 11-12. The District Court denied what was essentially an overly broad request" to identify information such as "'all acts of violence allegedly committed by the defendants and their co-conspirators in furtherance of the conspiracy that are not identified as an overt act in the indictment' and 'all efforts undertaken by the defendants and their conspirators -- other than those already detailed in the indictment -- to avoid detection, investigation, and conviction.'" *Id*. at 13.

In the present case, the indictment is not nearly as detailed as the one discussed in *Milburn*. The indictment does little more than present a general allegation that Mr. Marifat entered into a conspiracy with an unknown number of unnamed individuals to suppress and eliminate competition by rigging bids to obtain selected properties at public real estate foreclosure auctions in San Joaquin County, beginning in or about April 2009 and continuing until in or about October 2009. The indictment does not provide contain factual particularity to enable Mr. Marifat to prepare his defense, ensure that he is prosecuted on the basis of facts presented to the grand jury, or enable him to plead jeopardy against a later prosecution.

B.  **The Indictment Does Not Contain Sufficient Factual Particularity To Allow Mr. Marifat To Prepare A Defense Or Plead A Bar To Subsequent Prosecution.**

Unlike the factually detailed indictment at issue in *Milburn*, the indictment in this case does not "describe the conspirators" in any way or distinguish in any way the actions of the various members. *See Milburn*, No. CR 05-00167 WHA, 2007 U.S. Dist. LEXIS 80858, at 13. *Milburn* emphasizes the stark difference between a factually detailed indictment, and an indictment such as the ones in *Cecil*, *Russell*, and the present case, that merely provide a generalized allegation without sufficient factual particularity to enable the defendant to prepare a defense or plead a bar to future prosecution. The Indictment does not provide notice to Mr. Marifat sufficient for him to prepare a defense to the allegations or plead a bar to future prosecution, as the Indictment is alleging that he conspired with an unknown number of unknown persons to purchase an unknown number of properties pursuant to a general agreement not to compete without any factual details related to the identities and actions of the individuals involved.

Unlike *Milburn*, there is no reason to believe that identifying the individual conspirators would create a concern for the safety of witnesses. Even in *Milburn*, where the defendant was alleged to have attempted to dissuade and murder witnesses against him, the indictment still identified what the District Court believed to be a "sufficient number of conspirators" and ordered the government to disclose the names of additional conspirators not covered by pretrial orders. *Id*. at 10,14. In stark contrast, the Indictment in the present case alleges a conspiracy to rig bids based upon an agreement not to compete, but it does not even identify a single individual whom Mr. Marifat made this alleged agreement or provide any indication as to the number of people involved.

Similarly, the Indictment does nothing to identify or even describe the conspirators, describe any of the specific roles of the conspirators or actions taken by any described conspirators, or even identify any specific conduct taken by Mr. Marifat in relation to the alleged conspiracy. Not only is

it not clear what the government is alleging that Mr. Marifat specifically did as part of this conspiracy, or what his it is not clear when Mr. Marifat is alleged to have participated in the conspiracy. The approximately six month timeframe alleged in the indictment does not indicate whether this time-frame reflects the entire period of the conspiracy or if Mr. Marifat joined an ongoing conspiracy within a larger timeframe. The absence of clarity with respect to the timeframe alleged hinders Mr. Marifat's ability to prepare a defense and plead a bar to subsequent prosecutions.

Further, the absence of any specifics in this regard is deeply problematic given the extensive discovery received in this case which indicates the potential involvement of a significant number of individuals, making the need for specificity in the charging document all the more important to Mr. Marifat's preparation of his defense.

Despite the government's argument that the general allegations foreclose the potential that Mr. Marifat could be prosecuting on the basis of similar allegations in the future, that argument is not tethered to the specific factual allegations contained in the Indictment. The discovery in this case involves a significant number of individuals and a significant number of real estate purchases, none of which are identified in the indictment. While the Indictment alleges a conspiracy not to compete in order to purchase real estate at reduced prices, there is nothing in the facts and circumstances of the Indictment itself that would distinguish it from a similar, but separate, conspiracy with separate individuals. The Indictment does not fulfill one of its core functions by providing sufficient factual detail to foreclose the government from seeking to prosecute Mr. Marifat on the basis of the same facts. Specifically, the government would not be foreclosed from alleging that Mr. Marifat engaged in a conspiracy separate and apart from the one that is alleged in the present indictment, rather than a subset or sub-agreement as argued by the government. There is nothing in the specific factual circumstances alleged in the present Indictment that would allow a court to differentiate the

conspiracy alleged in the Indictment from a separate conspiracy with other individuals related to the same general conduct. The absence of specific factual circumstances that would differentiate the present allegation from a similar, but separate, conspiracy is what is missing from the present indictment, and is what is required under the law.

For these reasons, the Indictment in the present case does not provide sufficient factual detail to fairly inform Mr. Marifat of the charges in such a way that he may plead a bar to subsequent prosecutions, prepare a defense to these charges, ensure he is prosecuted on the basis of facts presented to the grand jury, or inform the court of the facts alleged to evaluate the sufficiency of the charges. Therefore, the Indictment is insufficient to satisfy its core functions and must be dismissed.

### III.

### CONCLUSION

For the aforementioned reasons, this Court should hold that, pursuant to Federal Rule of Criminal Procedure, Rule 12(b)(3)(B), the Indictment fails to state an offense with sufficient specificity, and dismiss the indictment in its entirety.

Dated: April 10, 2018                         Respectfully submitted,

                                                      **BAY AREA CRIMINAL LAWYERS, PC**

                                                      By: /s/David J. Cohen
                                                         DAVID J. COHEN, ESQ.

                                                      Attorneys for Defendant **Yama Marifat**

Mr. Marifat's Reply to Government's Opposition to Defendant's Motion to Dismiss the Indictment as Insufficient
*U.S. v. Marifat*
Case No. 2:17-cr-00189-WBS                 8