DAVID J. COHEN, ESQ.
California Bar No. 145748
**BAY AREA CRIMINAL LAWYERS, PC**
300 Montgomery Street, Suite 660
San Francisco, CA 94104
Telephone:  (415) 398-3900

Attorneys for Defendant **Yama Marifat**


UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 2:17-cr-00189-WBS |
| | ) | |
| Plaintiff, | ) | **MR. MARIFAT'S REPLY TO THE** |
| | ) | **GOVERNMENT'S OPPOSITION TO THE** |
| v. | ) | **MOTION TO DISMISS THE** |
| | ) | **INDICTMENT AS VIOLATIVE OF THE** |
| YAMA MARIFAT, | ) | **STATUTE OF LIMITATIONS** |
| | ) | |
| Defendant. | ) | Date:   April 16, 2018 |
| | ) | Time:  9:00 a.m. |
| _____ | ) | Ctrm:  5 |

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

I.    ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    A.    A Valid Waiver on Indictment Is Required to Toll the Statute of
        Limitations Pursuant to 18 U.S.C. §§ 3282 and 3288 . . . . . . . . . . . . . . . . . . . . . . 6

    B.    This Court's Order Permitting Mr. Marifat to Withdraw His Plea
        Due to the Insufficiency of the Rule 11 Colloquy Renders the Plea
        Agreement Void and Unenforceable, Including All of the Parties'
        Obligations and Waivers Pursuant Thereto . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

    C.    Any Statements in The Plea Agreement That Are Ascribed to Mr.
        Marifat, as Well as Any Statements He Made During His Plea
        Hearing and the Written Waiver Executed Pursuant to the Agreement,
        Are Inadmissible and Cannot Serve to Show a Waiver of His Right
        to Indictment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

II.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# <u>TABLE OF AUTHORITIES</u>

<u>**Case Law**</u>                                                                                                **Page(s)**

*Beyene v. Coleman Sec. Servs., Inc.*
       854 F.2d 1179 (9th Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Fox v. Johnson*
       832 F.3d 978 (9th Cir. 2016). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, *passim*

*Jaben v. United States*
       381 U.S. 214 (1965). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, *passim*

*Morgan v. United States District Court (In re Morgan)*
       506 F.3d 705 (9th Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, *passim*

*United States v. Bibler*
       495 F.3d 621 (9th Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*United States v. Brewer*
       947 F.2d 404 (9th Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*United States v. Burdix-Dana*
       149 F.3d 741 (7th Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, *passim*

*United States v. Cabaccang*
       332 F.3d 622 (9th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, *passim*

*United States v. Charnay*
       537 F.2d 341 (9th Cir. 1976). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, *passim*

*United States v. Jim*
       786 F.3d 802 (10th Cir. 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, *passim*

*United States v. Jiminez-Dominguez*
       296 F.3d 975 (9th Cir. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20, *passim*

*United States v. Jones*
       469 F.3d 563 (6th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, *passim*

*United States v. Machado*
       2005 U.S. Dist. LEXIS 26255 (D. Mass. Nov. 3, 2005). . . . . . . . . . . . . . . . . . 6, *passim*

*United States v. Mayweather*
       634 F.3d 498 (9th Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, *passim*

# TABLE OF AUTHORITIES

**Case Law**                                                                                       **Page(s)**

*United States v. Mezzanatto*
    513 U.S. 196 (1995).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, *passim*

*United States v. Midgley*
    142 F.3d 174 (3d Cir. 1998).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18, *passim*

*United States v. Mitchell*
    633 F.3d 997 (10th Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20, *passim*

*United States v. Moore*
    1998 U.S. App. LEXIS 24564 (9th Cir. Sep. 30, 1998). . . . . . . . . . . . . . . . . . 15, *passim*

*United States v. Nelson*
    732 F.3d 504 (5th Cir. 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, *passim*

*United States v. Ortega-Ascanio*
    376 F.3d 879 (9th Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, *passim*

*United States v. Partida-Parra*
    859 F.2d 629 (9th Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, *passim*

*United States v. Pena*
    314 F.3d 1152 (9th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*United States v. Podde*
    105 F.3d 813 (2d Cir. 1997).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18, *passim*

*United States v. Portililo-Cano*
    192 F.3d 1246 (9th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*United States v. Quiroga*
    554 F.3d 1150 (8th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, *passim*

*United States v. Rollings*
    751 F.3d 1183 (10th Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20, *passim*

*United States v. Sharma*
    2016 U.S. Dist. LEXIS 66227 (S.D. Tex. May 19, 2016). . . . . . . . . . . . . . . . . . 6, *passim*

*United States v. Stewert*
    425 F.Supp. 2d 727 (E.D. Va. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, *passim*

# TABLE OF AUTHORITIES

**Case Law**                                                                                                    **Page(s)**

*United States v. Transfiguracion*
    442 F.3d 1222 (9th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, *passim*

*United States v. Washburn*
    728 F.3d 775 (8th Cir. 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, *passim*

*United States v. Wessels*
    139 F.RD. 607 (M.D. La. 1991).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Young v. United States*
    354 F.2d 449 (10th Cir. 1965). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**Statutes and Regulations**

    *18 U.S.C. §3282*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, *passim*
    *18 U.S.C. §3288*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, *passim*

*Federal Rules of Criminal Procedure*
    *Rule 7(a)(1)(B)*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, *passim*
    *Rule 7(a)(2)(B)*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, *passim*
    *Rule 7(b)*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, *passim*
    *Rule 11*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, *passim*
    *Rule 11(c)(1)(C)*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, *passim*
    *Rule 11(f)*.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, *passim*

*Federal Rules of Evidence*
    *Rule 410*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, *passim*
    *Rule 1101*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22
    *Rule 1101*(d). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

1

DAVID J. COHEN, ESQ.
California Bar No. 145748

2

**BAY AREA CRIMINAL LAWYERS, PC**

3

300 Montgomery Street, Suite 660
San Francisco, CA 94104

4

Telephone:  (415) 398-3900

5

Attorneys for Defendant **Yama Marifat**

6

7

8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

11

| UNITED STATES OF AMERICA, | ) | Case No. 2:17-cr-00189-WBS |
|---|---|---|

12

|  | ) |  |
| Plaintiff, | ) | **MR. MARIFAT'S REPLY TO THE** |

13

|  | ) | **GOVERNMENT'S OPPOSITION TO THE** |
| v. | ) | **MOTION TO DISMISS THE** |

14

|  | ) | **INDICTMENT AS VIOLATIVE OF THE** |

15

| YAMA MARIFAT, | ) | **STATUTE OF LIMITATIONS** |
|  | ) |  |

16

| Defendant. | ) | Date:   April 16, 2018 |
|  | ) | Time:  9:00 a.m. |

17

|  | ) | Ctrm:  5 |

18

**I.**

19

20

**ARGUMENT**

21

A.    A Valid Waiver on Indictment Is Required to Toll the Statute of Limitations Pursuant to 18 U.S.C. §§ 3282 and 3288

22

23

Unlike a misdemeanor offense that may be tried on an indictment, information or complaint,

24

a felony offense must be prosecuted by an indictment.  *See* Fed. R. Crim. P. 7(a)(1)(B) and (2).  It

25

is only when a defendant waives prosecution by indictment that a felony criminal prosecution may

26

proceed by way of a criminal information.  *Id.* at 7(b).  Title 18 U.S.C. § 3282 provides that "... no

27

28

person shall be prosecuted, tried or punished for any offense . . . unless the indictment is found or

the information is instituted within five years next after such offense shall have been committed."

Title 18 U.S.C. § 3288 permits the government to file an indictment after the limitations period has

run only where the information was instituted during the applicable statute of limitations period.  Mr.

Marifat contends that an information filed without a valid waiver of indictments not instituted within

the meaning of 18 U.S.C. § 3282.  *See United States v. Machado*, No. 04-10232-RWZ, 2005 U.S.

Dist. LEXIS 26255 (D. Mass. Nov. 3 , 2005); *United States v. Sharma*, No. 4:14-CR-61, 2016 U.S.

Dist. LEXIS 66227 (S.D. Tex. May 19, 2016); *see also Jaben v. United States*, 381 U.S. 214 (1965).

The Government's reliance on *United States v. Charnay*, 537 F.2d 341 (9th Cir. 1976), does

not compel a contrary conclusion.   In fact, the legislative history relied upon in *Charnay*

underscore's Congress's understanding and interpretation that an information is not instituted

without a valid waiver of indictment.  In *Charnay*, the defendant contended, among other things, that

18 U.S.C. § 3288 applies only where the dismissal of the original indictment was defective due to

a grand jury irregularity, but not where an information is dismissed for failure to state an offense.

*Id.* at 353.   The Ninth Circuit explained that Congress amended the language of 18 U.S.C. § 3288

to correct a "loophole" when it became possible to charge by information, and that this change

extended the provisions 18 U.S.C. § 3288 to felony proceedings instituted by information as well

as by indictment, thereby permitting the refiling of an information dismissed for failure to state a

claim just as an indictment could be refiled for the same reason.  *Id.* at 354. In holding that 18 U.S.C.

§ 3288 applies to a properly instituted information, the Ninth Circuit specifically relied on a

Congressional statement that "[t]he amendments would therefore permit reindictment in similar

cases *where an information was filed after the defendant waived in open court prosecution by*

*indictment.*"  *United States v . Charnay*, 537 F.2d 341, 354 (9th Cir. 1976)(quoting Senate Report

No. 1414, 2. U.S. Code Cong. and Admin. News 3257-3258 (1964)) (emphasis added.)  The

legislative history relied upon in *Charnay* reflects Congress's understanding that a prosecution is instituted by information for the purpose of 18 U.S.C. § 3288 only where accompanied by a valid waiver of indictment. *Ibid.*

The government also relies on the case of *United States v. Burdix-Dana*, in which the government filed a criminal information charging the defendant with filing a false claim with the United States Treasury Department four days short of the expiration of a five year period of limitations, and without a waiver of indictment. *United States v. Burdix-Dana*, 149 F.3d 741 (7tth Cir. 1998). The *Burdix-Dana* Court held that the filing of the information was sufficient to institute a felony criminal case within the meaning of 18 U.S.C. §3282. However, the Seventh Circuit in *Burdix-Dana* acknowledged that there was a "compelling" reason to be concerned about the danger resulting from their decision, stating:

> By equating 'instituted' with 'filed' and then applying 18 U.S.C. §3288, we have allowed prosecutors to file and information, wait indefinitely, then present the matter to a grand jury well beyond the statue of limitations but within six months of the dismissal of the information. *Id.* at 743.

The holding of *Burdix-Dana* is unpersuasive and should not be followed by this Court.[1]

In *United States v. Machado*, No. 04-10232-RWZ, 2005 U.S. Dist. LEXIS 26255 (D. Mass. Nov. 3, 2005), a Massachusetts District Court rejected the reasoning of *Burdix-Dana* as inconsistent with the language of the statutes. First, the District Court noted that a court "has no subject matter

---

[1] Were this Court to accept the government's argument, 18 U.S.C. § 3288 would permit the Government to routinely escape the time limitations imposed by 18 U.S.C. § 3282 by filing an information, without having obtained a waiver of indictment, immediately before the limitations period is set to expire. In situations where the government is unable or unwilling to obtain a grand jury indictment within the applicable time period, filing an information immediately before the expiration of the limitations period would effectively result in a six month extension of the limitations period. A defendant would not be able to obtain a dismissal of the information until after the limitations period ends, and the Government would argue that 18 U.S.C. § 3288 permits the filing of an indictment at a later time. This result is not supported by the plain language or intended purpose of the relevant statutes, and should be rejected.

jurisdiction over a prosecution in which the government has filed an information without obtaining

a valid waiver of indictment." *Id.* at 5.  The District Court explained:

> Under the Federal Rules of Criminal Procedure, the government may prosecute non-capital felonies by information instead, but only when the defendant has waived indictment 'in open court and after being advised of the nature of the charge.' Fed. R. Crim. P. 7(b).  Thus, until a defendant has waived indictment pursuant to Rule 7(b), an information filed with the clerk of court cannot perform the same charging function as an indictment.  Indeed, a court in possession of an information but not in possession of a waiver of indictment lacks subject matter jurisdiction over the case; such an information is 'virtually meaningless.' *United States v. Wessels*, 139 F.RD. 607, 609 (M.D. La. 1991).  Only when both the information and a valid waiver of indictment have been filed is the court vested with jurisdiction.  *See Young v. United States*, 354 F.2d 449, 452 (10th Cir. 1965).  It defies logic and reason that the court may accept an information without waiver for the purpose of applying the statute of limitations, when that same document is 'meaningless' for purposes of subject matter jurisdiction and prosecution.

*Id*. at 5-6.

The District Court similarly rejected the government's attempt to distinguish 18 U.S.C. § 3282's requirement that the information be instituted within five years from the inability to prosecute a defendant without a valid waiver of indictment.  *Id.* at 6-7.  The District Court dismissed the government's argument that "something less is required to prosecute him on the charges contained therein", stating that the government's distinction between "prosecution" and "institution of charges" is unsupported by their accepted meanings.  *Ibid*.  Ultimately, the District Court held that because "an information is the functional and constitutional equivalent of an indictment only when accompanied by a valid waiver of indictment, no reason exists why that rule should not apply in the statute of limitations context."  *Id*. at 7-8.

The District Court in *Machado* relied upon an interpretation of the plain language of the relevant statutes, and it is not an outlier.  In *United States v. Stewert*, 425 F. Supp. 2d 727 (E.D. Va. 2006), cited by the government, the District Court acknowledged the dangers inherent in the holding of *Burdix-Dana,* as articulated by both *Machado* and *Burdix-Dana*.  *Id*. at 732, 734.  Moreover, the

1

2

3

4

5

District Court acknowledged the logical correctness of the defendant's position that "the information

could not be 'instituted' to toll the statute of limitations until Defendant waived indictment in open

court, as required by Rule 7(b) in order for prosecution by information to proceed." *Id*. at 730.  The

District Court explained that:

> A plain and common-sense reading of Rule 7(b) and § 3282 would suggest
> Defendant has the better argument; however, the lion's share of the relatively sparse
> case law addressing this issue indicates otherwise. The text of Rule 7(b) appears to
> clearly provide that a defendant's waiver of prosecution by indictment occurs only
> after the defendant, 'in open court,' is 'advised of the nature of the charge and of the
> defendant's rights.' On its face, the meaning of the rule is plain: a defendant cannot
> waive indictment until a court explains to the defendant the nature of his charge and
> his rights. Indeed, the advisory note reveals the rule's obvious purpose, which is to
> contain 'safeguards against improvident waivers.' FED. R. CRIM. P. 7(b) advisory
> committee's note. It would therefore only be logical to presume that an criminal
> information could not be 'instituted' for the purposes of the statute of limitations
> under § 3282 until the waiver of indictment occurred pursuant to the dictates of Rule
> 7(b). Otherwise, the 'safeguards' under the rule are hardly safeguards at all.

*Ibid.*

The District Court went on to acknowledge the "well taken" concerns of Judge Zobel in

*Machado*, but ultimately held that the doctrine of *stare decisis* required the District Court to issue

a contrary holding. *Id*. at 734-735.

Since *Stewert*, another district court questioned the correctness of the holding of *Burdix-*

*Dana*. In *United States v. Sharma*, No. 4:14-CR-61, 2016 U.S. Dist. LEXIS 66227 (S.D. Tex. May

19, 2016), the District Court held that "a proper reading of [18 U.S.C. § 3282] teaches that a felony

prosecution may be instituted by an information; however, it is possible only when the charged party

waives formal indictment." *Id*. at 6. "[W]hen the indictment is not 'found' within five years the

charge cannot be prosecuted. Likewise, when the charge is 'instituted' within five years, the charged

party must waive formal indictment within the statutory period, otherwise the charge(s) cannot be

prosecuted after limitations is exhausted, with few or exigent exceptions." *Id*. at 6-7.

1
2
3
4
5
6
7

The Court in *Sharma* disagreed with the broad holding of *Burdix-Dana*, specifically noting that the Seventh Circuit did not give adequate consideration to the Supreme Court's holding in *Jaben v. United States*, 381 U.S. 214 (1965), addressed a similar situation involving the government's attempt to toll the statute of limitations with respect to a criminal complaint without fulfilling the requirements necessary to prosecute the defendant pursuant to a criminal complaint. *Id*. at 8-10. *Jaben* is indeed instructive in the present situation.

8
9
10
11
12
13
14
15
16

In *Jaben v. United States*, the government filed a complaint against the defendant shortly before the statute of limitations was set to expire, charging him with filing a false income tax return. *Jaben v. United States*, 381 U.S. 214, 216 (1965). The relevant statute of limitations period was six years unless a "complaint is *instituted* before a commissioner of the United States" within the time limitation. *Id*. at 215-216 (emphasis added). If the complaint is instituted within the time limitation, the time to file an indictment for the offense is extended by 9 months from the date of the complaint. *Ibid*.

17
18
19
20
21
22
23
24
25

Within 9 months of the filing of the complaint in *Jaben*, a grand jury superseded the complaint procedure by returning an indictment against the defendant. *Id*. at 216. The defendant moved to dismiss the indictment, arguing that the complaint was not instituted within the six year period because it did not establish probable cause that he had committed the offense, as was required to initiate a prosecution pursuant to a complaint. *Ibid*. The government argued that filing the complaint within the time limitation was all that was required to institute a complaint, regardless of whether the complaint sufficiently established the probable cause necessary to prosecute the defendant pursuant to the complaint. *Ibid*.

26
27
28

The Supreme Court disagreed with the government's position, finding that it "would deprive the institution of the complaint before the Commissioner of any independent meaning which might

Mr. Marifat's Reply to the Government's Opposition to the Motion to Dismiss the Indictment as Violative of the Statute of Limitations
*U.S. v. Marifat*
Case No. 2:17-cr-00189-WBS                     11

rationally have led Congress to fasten upon it as the method for initiating the nine-month extension." *Id*. at 218. The Court found that the government's "interpretation does not reflect this statutory intention, for it provides no safeguard whatever to prevent the Government from filing a complaint at a time when it does not have its case made, and then using the nine-month period to make it." *Id*. at 220. The Court held that the better view was that the complaint was initiated for the purpose of the time extension only when it was "adequate to begin effectively the criminal process prescribed by the Federal Criminal Rules." *Ibid*.

In the present case, the logic and reasoning of *Jaben* applies with equal force to the initiation of a prosecution by way of an information. As acknowledged by numerous cases, the plain and common-sense reading of Fed. R. Crim. P. 7(b) and 18 U.S.C. § 3282 requires a valid waiver of indictment before a criminal information is "instituted" for the purposes of the statute of limitations under 18 U.S.C. § 3282. *Jaben* reinforces this conclusion in stating that a criminal complaint is only instituted when it is adequate to effectively begin the criminal process prescribed by the Federal Criminal Rules. In is unquestionably true that a defendant cannot be prosecuted by an information unless and until they waive prosecution by indictment. *See* Federal Rule of Criminal Procedure, Rule 7(b). Further, the Court's conclusions in *Jaben* were justified by concerns about the government's use of the complaint procedure to secure an extension of time, and those concerns mirror the concerns articulated by all of the courts that have considered the application of 18 U.S.C. §§ 3282 and 3288 to an information filed without a valid waiver.

As discussed above, the legislative history reveals that Congress interpreted the statutes to "permit reindictment in similar cases *where an information was filed after the defendant waived in open court prosecution by indictment*." *United States v. Charnay*, 537 F.2d 341, 354 (9th Cir. 1976) (*quoting* Senate Report No. 1414, 2 U.S. Code Cong. and Admin. News 3257-3258 (1964))

(emphasis added.) The statutory language is similarly clear that an information without a valid waiver is insufficient to institute a prosecution of a criminal defendant. In total, the legislative history, the plain language of the statutes, relevant Supreme Court case law, and several cases addressing the issue support the conclusion that an information is not instituted until the defendant provides a waiver of indictment in accordance with the Federal Rules. Such a conclusion has the benefit of being logically consistent with the statutory language and legislative history while fulfilling the purpose of the statutes without the dangers inherent in the government's approach.

In the present case, the waiver of indictment was part and parcel to Mr. Marifat's plea, which has been withdrawn by this Court. As discussed below, the waiver is no longer valid. Without a valid waiver obtained within the limitations period, no case was "initiated" that the government was able to prosecute prior to the expiration of the limitations period. For the reasons stated above, the information filed without a valid waiver cannot extend the statute of limitations pursuant to 18 U.S.C. § 3288.

> B.   This Court's Order Permitting Mr. Marifat to Withdraw His Plea Due to the Insufficiency of the Rule 11 Colloquy Renders the Plea Agreement Void and Unenforceable, Including All of the Parties' Obligations and Waivers Pursuant Thereto.

In the present case, Mr. Marifat successfully moved to withdraw his plea based upon this Court's finding that the plea colloquy did not conform to the mandates of Federal Rule of Criminal Procedure, Rule 11. *See* Dkt. 95. This Court held that "[a]n inadequate Rule 11 plea colloquy constitutes a fair and just reason for withdrawal under Rule 11(d)(2)(B). " *Id*. (citing *United States v. Mayweather*, 634 F.3d 498, 510 (9th Cir. 2010); *United States v. Ortega-Ascanio*, 376 F.3d 879, 883 (9th Cir. 2004). This Court further found that the Rule 11 colloquy was insufficient to establish that Mr. Marifat knowingly and voluntarily entered a plea in light of the magistrate's failure to advise him of his rights to subpoena witnesses, and testify and present evidence. *Id*. Finally, this Court

specifically found that the government did not meet its burden to show that the error was harmless. *Id*.

The plea agreement obligated Mr. Marifat to waive indictment as a one of several *quid pro quo* terms of the agreement. *See* Dkt. 11, p. 3. In accordance with the terms of the agreement, Mr. Marifat waived his right to indictment in open court at the time that his plea was taken. The government now argues that Mr. Marifat's waivers made in connection with the withdrawn plea, specifically Mr. Marifat's waiver of indictment, waiver of Federal Rules of Evidence, Rule 410, and a waiver of the statute of limitations, are binding against Mr. Marifat even after the court ordered the plea agreement withdrawn due to a violation of Rule 11.[2] The government is mistaken. The obligations and concessions made pursuant to a plea withdrawn due to a Rule 11 violation are not subsequently binding on parties.[3]

When a defendant voluntarily chooses to withdraw his guilty plea, he voids his plea agreement, rendering its provisions unenforceable. *See Fox v. Johnson*, 832 F.3d 978, 986 (9th Cir. 2016). "When the district court exercises its power under the Federal Rules to reject a plea agreement or permit a defendant to withdraw his plea, it is clear by implication that the parties are consequently released from their obligations under the plea agreement." *United States v. Partida-*

---

[2] Both the waiver of indictment and waiver of statute of limitations were part of a plea bargain since withdrawn, and directed at an information which has been dismissed and is now non-operative. The waivers cannot be validly applied to a new charging document unrelated to a defunct plea agreement.

[3] The government's position that all waivers entered as a part of a plea agreement are subsequently binding on a defendant after successfully withdrawing their plea in connection with a Rule 11 violation would lead to an absurd result. Defendants, as part of entering into plea agreements with the government, routinely waive various Constitutional and statutory protections: such as the right to a jury trial, the right to confront witnesses, the right to subpoena witnesses and present evidence, the right to remain silent, etc. The government's broad assertion that waivers made pursuant to a plea agreement remaining binding after the plea is withdrawn would result in situations where the defendant no longer had the right to a jury trial, the right to confront witnesses, the right to subpoena and present evidence, etc.

*Parra*, 859 F.2d 629, 634 n.6 (9th Cir. 1988); *see also United States v. Jones,* 469 F.3d 563, 566 (6th Cir. 2006) (when a defendant succeeds in withdrawing a guilty plea entered pursuant to a plea agreement, the plea agreement is "nullified" and "the government [is] no longer bound by its promises therein"). Where a defendant is permitted to withdraw his plea due to the failure of the court to properly advise him of his rights as required by Rule 11 so as to ensure a knowing and voluntary plea, the circumstances are analogous to a situation where the court rejects a plea negotiated pursuant to Rule 11(c)(1)(C).   In such a situation, the defendant is afforded the opportunity to withdraw his guilty plea and "is not bound by the plea agreement." *Morgan v. United States District Court* (*In re Morgan*), 506 F.3d 705, 709 (9th Cir. 2007).

The cases cited by the government do not compel a contrary conclusion. The government relies upon several cases, mostly related to waivers of Rule 410 of the Federal Rules of Evidence, that do not stand for the broad propositions that the government asserts, and a review of the circumstances easily distinguish them from the present case.

In *United States v. Mezzanatto*, 513 U.S. 196, 210 (1995), the defendant entered into discussions with the government in an effort to cooperate with their investigation, but the government specifically conditioned those discussions on a waiver of his protections under Federal Rule of Evidence, Rule 410, permitting the substance of those discussions to be used to impeach the defendant in the event of a trial. *Id*. at 198. *Mezzanatto* addressed whether there should be a *per se* rule precluding a defendant from ever waiving his protections under Rule 410. *Id*. at 197. Rejecting such a *per se* rule, the Court held that, like most constitutional and statutory rights, a defendant can waive Rule 410's protections. *Id*. at 200-03. *Mezzanatto* did not involve a plea agreement, a withdrawn plea, a Rule 11 violation, or any facts similar to the present case. The fact that the protections of Rule 410 can be waived is a distinct and separate issue from whether provisions of

a plea agreement are enforceable after the plea is ordered withdrawn due to a failure of the district court to advise a defendant of his rights, as required by Rule 11.

In *United States v. Moore*, No. 97-50336, 1998 U.S. App. LEXIS 24564 (9th Cir. Sep. 30, 1998) (unpublished), the defendant entered into a plea agreement that provided that in the event of a breach of the agreement, her statements in court and before a grand jury could be used against her at a subsequent trial. *Id*. at 11-12. The defendant later breached the plea agreement by moving to withdraw her plea in violation of the terms of the agreement. *Id*. at 12-14. The appellate court held that the plea agreement expressly contemplated the use of the defendant's testimony in the event of a breach of the plea agreement, and found no error in the district court admitting her statements at trial. *Ibid*. *Moore* did not involve a defendant withdrawing their plea due to a Rule 11 violation in connection with the taking of the plea.

In *Moore*, the specific terms of the plea agreement conditioned the Rule 410 waiver upon the breach of the agreement. As *Moore* noted, situations involving a Rule 410 waiver will invariably relate to agreements that expressly condition the waiver upon a defendant's breach or withdrawal from a plea agreement, otherwise there would be no relevant proceedings for the Rule 410 waiver to apply.

In the present case, the plea agreement contains no comparable language expressly conditioning the waiver of indictment upon a breach of, or withdrawal from, the plea agreement, nor has Mr. Marifat breach the terms of the plea agreement. Instead, the current plea agreement contains the waiver of indictment as one of the express *quid pro quo* obligations of the defendant made in exchange for the promises made by the government. This Court permitted Mr. Marifat to withdraw his plea in light of a Rule 11 violation related to the magistrate's failure to ensure that Mr. Marifat knowingly and voluntarily entered a plea by advising him of all of his rights. *See* Dkt. 95, p. 3.

Application of a waiver to a party that breached an agreement is entirely unrelated to a circumstance where a plea is withdrawn due to a Rule 11 violation. The obligations of both parties are nullified by this Court's finding of a Rule 11 violation justifying Mr. Marifat to withdraw from the plea. *See Fox v. Johnson*, *supra*, 832 F.3d at 986; *Partida-Parra*, *supra*, 859 F.2d at 634 n.6; *Jones*, 469 F.3d at 566.

In *United States v. Transfiguracion*, 442 F.3d 1222 (9th Cir. 2006), the parties negotiated an agreement in which the government would dismiss an indictment charging several conspiracy counts for money laundering and importing and distributing methamphetamine if the defendants agreed to cooperate with the government and plea guilty to an information containing charges of importing methamphetamine between California and Guam. *Id*. at 1224. As agreed, both defendants waived indictment and pleaded guilty to the importation charges contained in the information. *Id*. at 1225. The Ninth Circuit then decided a separate case that held that the smuggling of drugs from California to Guam did not constitute the crime of importation of a controlled substance into the United States. *Id*. at 1226 (*citing United States v. Cabaccang*, 332 F.3d 622 (9th Cir. 2003).) The defendants did not move to withdraw their guilty pleas, but successfully moved to dismiss the information on the grounds that there was no longer a factual basis to support the conviction in light of *Cabaccang*. *Ibid*. The Ninth Circuit reviewed the terms of the "less-than-precise" plea agreement and concluded that:

> Just as '[a] plea agreement does not waive the right to bring a § 2255 motion unless it does so expressly,' … the plea agreements in this case did not prohibit [the defendants] from moving to dismiss the importation charges based on the *Cabaccang* decision. Moreover, the defendants in this case sought to enforce the plea agreements' prohibition on prosecuting them for other crimes once they cooperated; they did not act to reject, withdraw, vacate, or reverse the pleas required by the agreements. *Id*. at 1224, 1232 (internal citations omitted).

In *Transfiguration*, consistent with the terms of the plea agreement the defendants successfully attacked the charges to which they pleaded guilty based upon new case law, while

simultaneously seeking to enforce the provisions of the plea agreement. The government distorts the requirement discussed in *Transfiguration* – that a waiver must be express – to argue that any express waiver is valid despite the plea being withdrawn due to a Rule 11 violation that did not ensure that the defendant's plea was knowing and voluntary. *Transfiguration* did not involve a Rule 11 violation, a withdrawn plea, or the parties' obligations under a withdrawn plea. Rather than support the government's position, the Ninth Circuit expressly relied upon the fact that the defendants did not seek to withdraw from their obligations under the agreement in order to enforce the plea agreement's provisions against the government.

Finally, the government relies on the case of *United States v. Jim*, 786 F.3d 802, 807 (10th Cir. 2015). In *Jim*, the defendant entered into a plea agreement that expressly stated that the defendant waived the protections of Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 in the event of a later trial. *Id*. at 806. The defendant initially pled guilty to this offense, but later withdrew his plea and proceeded to trial. *Id*. at 804. When the defendant sought to prohibit the use of his statements at trial, the Tenth Circuit discussed decisions enforcing Rule 410 waivers contained in plea agreements "consistent with the particular language of those waivers." *Id*. at 809 (citing *United States v. Nelson*, 732 F.3d 504, 512-13, 516-17 (5th Cir. 2013) (enforcing plea agreement's Rule 410 waiver against a defendant who did not enter a guilty plea as required under the plea agreement, where waiver expressly took effect if the defendant failed to enter the guilty plea); *United States v. Washburn*, 728 F.3d 775, 780-82 (8th Cir. 2013) (holding plea agreement, with its Rule 410 waiver, was binding on defendant once he signed the agreement and Rule 410 waiver remained enforceable, pursuant to its express terms); *United States v. Quiroga*, 554 F.3d 1150, 1153-57 (8th Cir. 2009) (enforcing plea agreement's Rule 410 waiver that by its terms applied if the defendant breached the plea agreement, when the defendant breached the agreement by

withdrawing his guilty plea).) The Tenth Circuit relied upon the express language of the waiver, which stated that it took effect at the time he signed the plea agreement, and the nature of a Rule 410 waiver, to find that the waiver in the plea agreement written and intended specifically to be operative in circumstances where the defendant withdrew his plea, noting that a Rule 410 waiver would otherwise serve no purpose. *Id*. at 809.

The Tenth Circuit's decision in *Jim* does not provide support for the government's position in this case. The plea agreement does not contain express language that demonstrates that the waiver of indictment was intended to be operative under the specific circumstances where Mr. Marifat withdrew from the plea agreement. Moreover, unlike a Rule 410 waiver, which the Tenth Circuit stated only serves a functional purpose in the event that a defendant withdraws from the plea, the waiver of indictment was specifically designed to facilitate the plea without requiring the government to provide the protections of a grand jury indictment, rather than to operate in the event that Mr. Marifat's plea was withdrawn. Nothing in the express language of the plea agreement, or the nature of a waiver of indictment, indicates that the waiver was intended to operate specifically in the event that Mr. Marifat withdrew from his plea.

Similarly, the government's argument that Mr. Marifat waived any challenge to the statute of limitations fails for the same reason. The cases cited by the government emphasize the point made in *Jim*; a plea agreement that contains provisions that are to remain in effect in the event that the defendant withdraws their plea must explicitly state that provisions remain in effect if the defendant successfully withdraws their plea. *See United States v. Midgley*, 142 F.3d 174, 180 (3d Cir. 1998) ([T]he government may seek to include a clause in future plea agreements whereby the defendant waives the statute of limitations defense as to dismissed counts *if the defendant withdraws or challenges the guilty plea* after the limitations period on the original charge has expired.'); *see also*

*United States v. Podde*, 105 F.3d 813, 821 (2d Cir. 1997) (We note that the government can avoid similar results in future plea bargains by securing, from those defendants who are willing to give it, *a waiver of the statute of limitations covering those situations in which the defendant withdraws or challenges his or her guilty plea* after the limitations period on the original charges has expired.). Having drafted the plea agreement in the present case, the government was fully capable of including language that expressly stated that the waiver of indictment and statute of limitations applied in the event that Mr. Marifat successfully withdrew his plea. In fact, the government included a portion of the agreement that reflected what was to occur in the event that Mr. Marifat withdrew from his plea, and neither the waiver of indictment nor the waiver of the statute o limitations is included in those provisions.[4] *See* Dkt. 95, p. 6.

Moreover, *Jim* did not involve the circumstances at issue here. Mr. Marifat moved to withdraw his plea specifically because the magistrate taking his plea failed to adequately advise him of his rights, as required by Rule 11. Separate and apart from the precise language of the plea agreement, the very case relied upon by the government compels the result argued by Mr. Marifat due to the inadequacy of the plea colloquy. Even according to the decision in *Jim*, if record does not support a finding that the guilty plea is knowing and voluntary, then "any additional waivers in the plea agreement, including his Rule 410 waiver, would not have been enforceable."[5] *Jim, supra*, 786

---

[4] Plea agreements are interpreted using the ordinary rules of contract interpretation. *See United States v. Transfiguracion,* 442 F.3d 1222, 1228 (9th Cir. 2006). The fact that the government drafted an agreement that included a provision indicating what terms withstand a successful withdrawal from the plea, but did not include either the waiver of indictment or the waiver of the statute of limitations, implicates both the canon of *contra proferentem*, the principle that ambiguities in contracts are to be construed unfavorably to the drafter, and the canon of *expressio unius est exclusio alterius*, that the absence of any provision covering that contingency when others are covered indicates that the provision was not part of the bargain struck by the parties. *Id*. at 1228, 1232.

[5] Under *Jim*, this would apply to all waivers contain in the plea agreement, including the waiver of Rule 410 that purports to apply in the event that Mr. Marifat successfully withdraws his plea. Further, the clause in the plea agreement purporting to waive his rights pursuant to Rule 410 applies only to statements made Mr. Marifat's Reply to the Government's Opposition to the Motion to Dismiss the Indictment as Violative of the Statute of Limitations

1  F.3d at 809 (quoting *United States v. Mitchell*, 633 F.3d 997, 1001 (10th Cir. 2011); *United States*

2  *v. Rollings,* 751 F.3d 1183, 1186 (10th Cir. 2011)) (internal quotations omitted.)  Therefore under

3  *Jim*, as well as Ninth Circuit cases discussing an inadequate plea colloquy's effect on a waiver

4

5  contained in a plea agreement, where the plea is not knowing and voluntary even the waivers

6  expressly stated to be triggered by the defendant withdrawing his plea cannot be enforced.

7       While the government argues that Mr. Marifat's plea was knowing and voluntary, the

8  government ignores this Court's finding with respect to the Rule 11 violation.  Federal Rule 11 is

9
   designed to ensure that a plea of guilty is knowing and voluntary.  *See, e.g., United States v. Jiminez-*

10
   *Dominguez*, 296 F.3d 975, 977 (9th Cir. 1997). This Court already determined that the plea colloquy

11

12  failed to ensure that Mr. Marifat knowingly and voluntarily entered his plea, as the inadequacy of

13  the plea colloquy formed the very basis for Mr. Marifat's motion to withdraw his plea.  *See* Dk. 95.

14  Further, this Court already held that the error was not harmless with respect to whether Mr. Marifat

15
   knowingly and voluntarily entered his plea.  *Id.*  The very circumstances of this case fit squarely

16
   within the rule discussion in *Jim.*
17

18       This Court's decision t o permit with Mr. Marifat to withdraw his plea based upon a Rule 11

19  violation more closely aligns with Ninth Circuit decisions holding waivers of appeal unenforceable

20  due to an inadequate Rule 11 colloquy.  *See United States v. Portilio-Cano*, 192 F.3d 1246, 1250

21
   (9th Cir. 1999)(defendant's challenge to the "soundness of his plea allocution under Rule 11, . . .

22
   goes to the heart of whether his guilty plea, including the waiver of appeal, is enforceable"); *see also*

23

24  *United States v. Pena*, 314 F.3d 1152, 1154 n.1 (9th Cir. 2003) (appellate waiver in plea agreements

25  unenforceable where plea not taken in accordance with Rule 11); *United States v. Bibler*, 495 F.3d

26
   ---
   "before or after" the plea agreement, but not to the plea agreement itself.  *See* Dkt. 11, p. 6. The agreement,
27  drafted by the government, does not even purport to waive Mr. Marifat's rights, pursuant to Federal Rules
   of Evidence, Rule 410, and Federal Rule of Criminal Procedure, Rule 11(f), as it relates to the plea agreement
28  and plea itself.

1   621, (9th Cir. 2007) (same).

2          For all the aforementioned reasons, the waivers contained in Mr. Marifat's plea agreement

3

4   and not binding against Mr. Marifat in light of this Court's order permitting him to withdraw his plea

5   based upon the magistrate's failure to properly advise Mr. Marifat of his rights during the plea

6   colloquy, as required by Rule 11.

7          C.      Any Statements in The Plea Agreement That Are Ascribed to Mr. Marifat, as Well
                   as Any Statements He Made During His Plea Hearing and the Written Waiver
8                  Executed Pursuant to the Agreement, Are Inadmissible and Cannot Serve to Show
                   a Waiver of His Right to Indictment.
9

10         The waivers made in connection with the plea agreement, including the waiver of indictment

11  and waiver of statute of limitations, cannot be considered by this Court in connection with Mr.

12
    Marifat's motion to dismiss the Indictment as violating the statute of limitations.  The government
13

14  argues that Federal Rule of Evidence, Rule 410, applies only to a trial, and not to the present motion.

15  The government is mistaken.

16         Federal Rule of Criminal Procedure, Rule 11(f) provides "[t]he admissibility or

17
    inadmissibility of a plea, a plea discussion, and any related statement is governed by Federal Rule
18
    of Evidence 410."  Federal Rule of Evidence, Rule 410 explicitly states:
19

20         (a) Prohibited Uses.  In a civil or criminal case, *evidence* of the following is not admissible
           against the defendant who made the plea or participated in the plea discussions:
21
                   (1) a guilty plea that was later withdrawn;
22                 (2) a nolo contendere plea;
                   (3) a statement made during a proceeding on either of those pleas under Federal Rule
23                 of Criminal Procedure 11 or a comparable state procedure; or
                   (4) a statement made during plea discussions with an attorney for the prosecuting
24                 authority if the discussions did not result in a guilty plea or they resulted in a later-
25                 withdrawn guilty plea.

26  Federal Rule of Evidence, Rule 410 (emphasis added.)

27         Rule 410 clearly applies to any evidence to be admitted against a defendant who made a plea
28

Mr. Marifat's Reply to the Government's Opposition to the Motion to Dismiss the Indictment as Violative of the Statute
of Limitations
*U.S. v. Marifat*
Case No. 2:17-cr-00189-WBS                      22

or participated in plea discussions, and Rule 410 clearly applies to the plea agreement and plea proceedings. The waivers contained within the plea agreement, and made as part of his withdrawn plea, constitute "evidence of . . . a guilty plea that was later withdrawn," as well as "a statement made during a proceeding" thereon and "a statement made during plea discussions." Federal Rule of Evidence, Rule 410.

The government's argument that Rule 410 applies only to a trial is untenable. The Federal Rules of Evidence, Rule 1101, makes these evidentiary rules applicable to motions hearings, such as the proceeding at hand. Specifically, Rule 1101 provides that it applies to "criminal cases and proceedings" before "United States district courts." Federal Rule of Evidence, Rule 1101(a), (b). Further, the present motion is one in which the Federal Rules of Evidence apply because there is no applicable exception under Rule 1101(d). *See e.g., United States v. Brewer*, 947 F.2d 404, 410 (9th Cir. 1991)(Federal Rules of Evidence apply in pretrial suppression proceedings pursuant to Rule 1101 because suppression hearing not expressly excluded under Rule 1101(d)); *see also Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1182 (9th Cir. 1988)(applying rules of evidence to civil motion to dismiss because proceeding not listed as exception under 1101(d)). For this additional reason, this Court must find that Mr. Marifat's waiver of indictment is invalid and unenforceable.[6]

---

[6] As stated above, the purported waiver of Rule 410 contained in the plea agreement only applies to statements made "before or after" Mr. Marifat's plea, rather than to the plea itself. *See* Dkt. 11, p. 6. Further, under the reasoning of *United States v. Jim*, 786 F.3d 802, 809 (10th Cir. 2015), the waiver is invalid due to the Rule 11 violation that this Court acknowledged does not support a finding that Mr. Marifat's guilty plea was knowing and voluntary, rendering his Rule 410 waiver unenforceable. To the extent that this Court believes that further evidence is required to establish the lack of a knowing and voluntary plea, or a knowing and voluntary waiver of Rule 410, an evidentiary hearing would be required to determine whether Mr. Marifat's plea and/or waiver were knowing and voluntary.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## II.

## CONCLUSION

For the aforementioned reasons, Mr. Marifat respectfully requests this Court grant his motion to dismiss the Indictment.

Dated:  April 10, 2018                    Respectfully submitted,

                              **BAY AREA CRIMINAL LAWYERS, PC**

                              By: /s/David J. Cohen
                                    DAVID J. COHEN, ESQ.

                              Attorneys for Defendant **Yama Marifat**