UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>YAMA MARIFAT,<br><br>        Defendant. | Crim. No. 2:17-0189 WBS<br><br><u>MEMORANDUM AND ORDER RE:</u><br><u>MOTION TO DISMISS INDICTMENT</u><br><u>AS VIOLATIVE OF THE STATUTE</u><br><u>OF LIMITATIONS</u> |

----oo0oo----

Before the court is defendant Yama Marifat's Motion to Dismiss the Indictment as Violative of the Statute of Limitations (Docket No. 20).[1]

I. <u>Procedural History</u>

On March 7, 2011, in an earlier filed case, Crim. No. 2:11-39 WBS, defendant Yama Marifat entered a plea of guilty to one count of conspiracy to rig bids in violation of 15 U.S.C. § 1 and one count of conspiracy to commit mail fraud in violation of

---

[1] Defendant also filed a Motion to Dismiss the Indictment as Insufficient (Docket No. 21), which is addressed in a separate order.

18 U.S.C. § 1349. (Docket No. 30 Ex. A.) The plea was entered pursuant to a plea agreement in which defendant agreed to waive indictment by a grand jury and cooperate with the government. (Docket No. 30 Exs. B, D.) The court also verified with defendant orally that he understood the right to an indictment and that he wished to waive that right, and verified that defendant had signed a formal waiver of indictment. (Docket No. 30 Exs. B, C.)

More than six years later, the court allowed defendant to withdraw his plea because the judge taking the plea did not advise defendant of his rights to testify, take evidence, and compel the attendance of witnesses, and therefore the plea colloquy was deficient under Federal Rule of Criminal Procedure 11(b). (Docket No. 30 Ex. E.) The court later granted the unopposed motion of defendant to dismiss the Information while expressly stating that its ruling should not be construed as a ruling on the merits of the motion, and the earlier-filed case was closed. (Crim. No. 2:11-39 Docket Nos. 113, 116.)

The government then initiated the instant case against defendant, this time via an Indictment (Docket No. 1) which is substantially similar to the Information filed in Crim. No. 2:11-39. Both the Indictment and the dismissed Information in Crim. No. 2:11-39 allege that defendant and others conspired to suppress competition by rigging bids to obtain certain properties offered at public real estate auctions in San Joaquin County.[2]

---

[2] The Information in Crim. No. 2:11-39 also charged defendant with conspiracy to commit mail fraud, a count which was omitted from the Indictment.

2

II. <u>Analysis</u>

Defendant's statute of limitations argument is based on the following progression of sub-arguments: (1) his waiver of indictment in Crim. No. 2:11-39 was based on his plea agreement; (2) because he was allowed to withdraw his guilty plea, the plea agreement is now void; (3) because the plea agreement is void, his waiver of indictment is void; (4) because the waiver of indictment is void, the Information in Crim. No. 2:11-39 is invalid; and (5) because the Information Crim. No. 2:11-39 is invalid, the government cannot rely on 18 U.S.C. § 3288 to indict him after the 5-year statute of limitations imposed by 18 U.S.C. § 3282 has passed.

Such arguments misinterpret § 3288. This section states:

> Whenever an indictment or information charging a felony is dismissed for any reason after the period prescribed by the applicable statute of limitations has expired, a new indictment may be returned in the appropriate jurisdiction within six calendar months of the date of the dismissal of the indictment or information . . . which new indictment shall not be barred by any statute of limitations. This section does not permit the filing of a new indictment or information where the reason for the dismissal was the failure to file the indictment or information within the period prescribed by the applicable statute of limitations, or some other reason that would bar a new prosecution.

"The underlying concept of § 3288 is that if the defendant was indicted within time, then approximately the same facts may be used for the basis of any new indictment obtained after the statute has run, if the earlier indictment runs into legal pitfalls." United States v. Clawson, 104 F.3d 250, 251 (9th Cir. 1996) (quoting United States v. Charnay, 537 F.2d 341,

3

354 (9th Cir. 1976)) (internal punctuation omitted). Further, by its express terms, § 3288 applies regardless of whether the original charging document was an indictment or an information.

Indeed, § 3288 appears intended to cover the very scenario which has arisen here, where the defendant who was initially charged within the limitations period has successfully moved for dismissal of the charges against him after the limitations period has passed. See United States v. W.R. Grace, 504 F.3d 745, 753-54 (9th Cir. 2007) (§ 3288 "eliminates the incentive for criminal defendants to move for dismissal of an indictment at the end of the statute of limitations, thereby winning dismissal at a time when the government cannot re-indict" but the government must "timely file[] an indictment charging the exact same crimes based on approximately the same facts.").

Here, defendant was initially charged in Crim. No. 2:11-39 within the applicable limitations period, and when the Information was dismissed, the government timely filed an indictment less than three months later, as allowed under 18 U.S.C. § 3288. Moreover, defendant does not claim that the Indictment in this case charges him with different crimes or that the Indictment contains different facts than the Information in Crim. No. 2:11-39. The fact that defendant waived his right to be prosecuted via indictment pursuant to a plea agreement and that he later withdrew his guilty plea in Crim. No. 2:11-39 does not make his indictment in this case untimely. By its terms, § 3288 allows for a new indictment when the initial charging document is dismissed for "any reason," so long as the initial

4

charging document is timely.[3] Thus, the court will deny the Motion based on the plain language of § 3288.

The Seventh Circuit's decision in United States v. Burdix-Dana, 149 F.3d 741 (7th Cir. 1998), is also instructive on this issue. The Burdix-Dana court explained that while a court may not accept a guilty plea or proceed to trial on an information absent a waiver of indictment, "the absence of this waiver [does not make] the filing of an information a nullity" because Federal Rule of Criminal Procedure 7(b) does not forbid filing an information without a waiver, but rather only establishes that prosecution may not proceed without a valid waiver. Id. at 742 (citing United States v. Cooper, 956 F.2d 960, 962 (10th Cir. 1992) (statute of limitations defense turns on whether information was filed within the limitations period)).[4] Noting that nothing in the statutory language

---

[3] Defendant relies on United States v. Grady, 544 F.2d 598 (2d Cir. 1976), for the proposition that under § 3288, the statute of limitations is tolled for the purpose of a subsequently filed indictment only if the original indictment or information was validly pending prior to the filing of the subsequent indictment, and an information is only validly pending if defendant has properly waived indictment. (Mot. Dismiss at 12 (Docket No. 20).) However, Grady actually held that (1) a superseding indictment may be brought any time where the first indictment is validly pending, because the statute of limitations is tolled as to the charges contained in that indictment, and (2) § 3288 only comes into play where the indictment has been dismissed and the statute of limitations has already run. Grady says nothing about waiver of indictment in connection with § 3288.

Defendant also relies on Charnay, 537 F.2d at 354. While Charnay does quote the legislative history of a prior version of § 3288 which mentions waiver of indictment, Charnay itself says nothing about whether a defendant must waive his right to an indictment before reindictment is allowed under § 3288, nor whether a subsequent withdrawal of a guilty plea renders a prior waiver invalid such that § 3288 does not apply.

[4] Rule 7(b) states that "[a]n offense punishable by imprisonment for more than one year may be prosecuted by

suggests that a "prosecution," rather than the information, must be instituted before the expiration of the 5-year period set forth by 18 U.S.C. § 3282, the court held that the filing of the information is sufficient to institute the action within the statute of limitations. Id.

The Burdix-Dana court ultimately found that where the government filed an information within the limitations period, § 3288 allowed the government to file a new indictment after the limitations period had run, so long as "the reason for dismissing the information is other than a failure to institute the information during the limitations period." Id. at 743. But see United States v. Machado, Crim No. 04-10232-RWZ, 2005 WL 2886213 (D. Mass. Nov. 3, 2005) (information did not toll statute of limitations unless accompanied by valid waiver of indictment, noting disagreement with Burdix-Dana).

Because the Information in Crim. No. 2:11-39 was timely, the government was permitted to file a new indictment within six months from when the Information was dismissed, regardless of whether defendant's prior waiver of indictment is still valid. Accordingly, defendant's motion will be denied.[5]

---

information if the defendant -- in open court and after being advised of the nature of the charge and of the defendant's rights -- waives prosecution by indictment."

[5] Although the court need not address the validity of defendant's waiver of indictment, the court finds that the waiver was valid. The court allowed defendant to withdraw his guilty plea because the judge who accepted the plea did not advise defendant of his rights to testify, present evidence, and compel the attendance of witnesses, and the court was bound by case law stating that "[t]he defendant's knowledge of [his] rights must appear from the record, not from the court's intuition." (Docket No. 30 Ex. E.) The deficiencies in the plea colloquy had nothing to do with defendant's waiver of indictment. Although the plea agreement was contingent upon defendant waiving

6

IT IS THEREFORE ORDERED that defendant's Motion to Dismiss the Indictment as Violative of the Statute of Limitations (Docket No. 20) be, and the same hereby is, DENIED.

Dated: April 17, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

indictment, the waiver of indictment was not contingent upon defendant's plea being accepted. The waiver of indictment was executed separately and independently of the plea agreement, and the evidence in the record indicates that defendant waived his right to indictment knowingly and voluntarily.