UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>YAMA MARIFAT,<br><br>Defendant. | Crim. No. 2:17-0189 WBS<br><br>MEMORANDUM AND ORDER RE: MOTION TO DISMISS THE INDICTMENT AS INSUFFICIENT |

----oo0oo----

Before the court is defendant Yama Marifat's Motion to Dismiss the Indictment as Insufficient (Docket No. 21).[1]

On March 7, 2011, in an earlier filed case, Crim. No. 2:11-39 WBS, defendant Yama Marifat entered a plea of guilty, pursuant to a plea agreement, to one count of conspiracy to rig bids in violation of 15 U.S.C. § 1 and one count of conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349. More than

---

[1] Defendant's Motion to Dismiss the Indictment as Violative of the Statute of Limitations (Docket No. 20) is addressed in a separate order.

1

six years later, the court allowed defendant to withdraw his plea and later granted the unopposed motion of defendant to dismiss the Information. (Crim. No. 2:11-39 Docket Nos. 113, 116.) The government then initiated the instant case against defendant, this time via an Indictment (Docket No. 1) which is substantially similar to the Information filed in Crim. No. 2:11-39. Both the Indictment and the dismissed Information in Crim. No. 2:11-39 allege that defendant and others conspired to suppress competition by rigging bids to obtain certain properties offered at public real estate auctions in San Joaquin County.

Defendant moves to dismiss the Indictment as insufficient because the Indictment does not allege, among other things, (1) who was involved in the alleged conspiracy besides defendant, (2) when the conspiracy began, (3) when defendant joined the conspiracy, (4) when defendant or any others took any of the actions alleged in the Indictment, (5) the roles of defendant or others, and (6) how specifically the conspiracy operated.

Federal Rule of Criminal Procedure 7(c)(1) requires that an indictment be a "plain, concise and definite written statement of the essential facts constituting the offense charged." "[A]n indictment is sufficient if it: (1) contains the elements of the offense charged and fairly informs [him] of the charge against him which he must defend; and (2) enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." United States v. Lazarenko, 564 F.3d 1026, 1033 (9th Cir. 2009) (citation and internal punctuation omitted). "An indictment which tracks the words of the statute

charging the offense is sufficient so long as the words unambiguously set forth all elements necessary to constitute the offense." United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1985) (citing Hamling v. United States, 418 U.S. 87, 117 (1974)).

Here, defendant does not dispute that the Indictment alleges all the elements of the offense, but rather argues further detail is necessary. The court disagrees. The Indictment alleges, among other things, that beginning in or about April 2009 and until about October 2009, defendant and others conspired to suppress competition by rigging bids to obtain certain properties at public real estate auctions in San Joaquin County, by agreeing not to bid or agreeing to bid at noncompetitive prices and designating which conspirator would bid for these properties, and agreeing to make payoffs to one another to obtain these properties at noncompetitive prices.

No further detail is required. An indictment need not name the defendant's alleged co-conspirators. See, e.g., United States v. Huggans, 650 F.3d 1210, 1217-20 (8th Cir. 2011) (indictment was sufficient even though it did not name any co-conspirators); United States v. Thomas, 348 F.3d 78, 83-84 (5th Cir. 2003) (same); United States v. James, CR 15-82-BLG-SPW, 2015 WL 7274041, at *3 (D. Mont. Nov. 17, 2015) (same). The indictment also sets forth both a start and end date for the conspiracy, while not stating when defendant or anyone else took any specific action in furtherance of the conspiracy, and less specific indictments have been found sufficient. See, e.g., United States v. Forrester, 616 F.3d 929, 940-41 (9th Cir. 2010) (indictment with only an end date for drug manufacturing and

3

distributing conspiracy was sufficient).

Further, the indictment need not specify the roles of defendant or his co-conspirators or how specifically the conspiracy operated. See, e.g., United States v. Markee, 425 F.2d 1043, 1047-48 (9th Cir. 1970) (indictment need not "specify the theory upon which those facts [in the indictment] will be proved at trial or the evidence upon which the proof will rest"); United States v. Milburn, No. CR 05-00167 WHA, 2007 WL 3101311, at *4-5 (N.D. Cal. Oct. 22, 2007) (rejecting request for bill of particulars specifying each defendant's roles and tasks).

The main case defendant relies on in arguing his indictment is insufficient, Russell v. United States, 369 U.S. 749 (1962), is inapposite. There, the Supreme Court held that indictments charging refusal to answer certain questions when summoned before a congressional subcommittee were insufficient where they did not identify the subject under inquiry at the time of the defendants' alleged refusal to answer. The statute at issue stated that any person who was summoned and "willfully . . . refuses to answer any question pertinent to the question under inquiry," is guilty of a misdemeanor. Id. at 752 n.2. The court noted that a witness could refuse to answer where the questions asked were not pertinent to the matter under inquiry, and it was "incumbent upon the United States to plead and show that the question (he refused to answer) pertained to some matter under investigation." Id. at 755 (citation omitted). In other words, the statute itself required that the government identify the subject at issue, and the indictments were therefore insufficient because they did not identify the subject at issue. In contrast,

| | |
|---|---|
| 1 | the big rigging statute at issue in this case does not require |
| 2 | any further detail than that set forth by the government in the |
| 3 | indictment. |

        Defendant also seeks to distinguish James, 2015 WL 7274041, at *3, and Milburn, 2007 WL 3101311, at *4-5, arguing that the courts there did not require the government to name co-conspirators due to the need to protect those individuals, who were also witnesses or informants. However, the Fifth and Eighth Circuits in Thomas, 348 F.3d at 83-84, and Huggans, 650 F.3d at 1217-20, rejected motions to dismiss the indictment where the defendants claimed the indictments were insufficient based on the failure to name their co-conspirators, and those courts made no mention of the need to protect those conspirators. Thus, an indictment need not allege the names of a defendant's co-conspirators regardless of whether there is a need to protect the identity of the conspirators.

        Because the Indictment meets the requirements of Rule 7 and the applicable case law, the court will deny defendant's Motion to Dismiss the Indictment as Insufficient.

        IT IS THEREFORE ORDERED that defendant's Motion to Dismiss the Indictment as Insufficient (Docket No. 21) be, and the same hereby is, DENIED.

Dated: April 17, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

5