ANDREW MAST (CSBN 284070)
JENNIFER HANE (CSBN 275729)
ARSHIA NAJAFI (CSBN 311229)
Trial Attorneys
U.S. Department of Justice
Antitrust Division
450 Golden Gate Avenue, Room 10-0101
San Francisco, California  94102-3478
Telephone: (415) 934-5300
andrew.mast@usdoj.gov

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA<br><br>v.<br><br>YAMA MARIFAT,<br><br>Defendant. | CASE NO. 2:17-CR-0189 WBS<br><br>UNITED STATES' OPPOSITION TO MOTION TO STAY<br><br>DATE: August 20, 2018<br>HEARING: Trial Confirmation Hearing<br>TIME: 9:00 a.m.<br>COURT: Honorable William B. Shubb |
|---|---|

## INTRODUCTION

Marifat's trial is scheduled to begin on October 2, 2018.  His baseless petition for writ of mandamus is no reason for delay.  At bottom, Marifat argues that this Court's Order denying his motion to dismiss based on the statute of limitations decision was wrong.  But the Ninth Circuit has held that, absent extraordinary circumstances, statute of limitations defenses are not subject to mandamus. Therefore, the Court should deny his motion for a stay.

## PROCEDURAL HISTORY

On April 17, 2018, the Court denied Marifat's motion to dismiss the indictment based on the statute of limitations.  Doc. No. 40.  On August 2, 2018, Marifat petitioned the Ninth Circuit for a writ of mandamus.  To date, the Ninth Circuit has not requested a response nor ruled on the petition.  On August 6, 2018, Marifat filed a motion to stay all proceedings in this Court.

## LEGAL STANDARD

The filing of a petition for a writ of mandamus in a circuit court does not deprive the district court of jurisdiction over the underlying case. *Ellis v. U.S. Dist. Court for Western Dist. Of Washington (Tacoma)*, 360 F.3d 1022, 1023 (9th Cir. 2004). Moreover, as a general matter, a "stay is not a matter of right," but rather an "exercise of judicial discretion." *Nken v. Holder*, 556 U.S. 418, 433 (2009). The party requesting a stay bears the burden of justifying the exercise of that discretion. *Id.* Movants must establish that (1) they are likely to succeed on the merits, and (2) that they will likely suffer irreparable harm in the absence of a stay. *Id.* at 434. A mere "possibility" of success on the merits is insufficient. *Id.* Likewise, simply showing "some possibility of irreparable injury" fails to satisfy the second factor. *Id.* Only if the party seeking a stay establishes a likelihood of success and irreparable injury absent a stay should the court consider whether the issuance of the stay will substantially injure other interested parties and whether a stay serves the public interest. *Id.* at 434-35.

## ARGUMENT

### A. Marifat's Mandamus Petition Is Meritless

A writ of mandamus may issue in cases involving "exceptional circumstances amounting to a judicial usurpation of power." *Bauman v. United States District Court*, 557 F.2d 650, 654 (9th Cir. 1977) (internal quotation marks omitted). To be entitled to mandamus relief, a petitioner must show at a minimum that the district court's order was clearly erroneous as a matter of law. *United States v. Guerrero*, 693 F.3d 990, 999 (9th Cir. 2012). Marifat has the "burden of showing that his right to issuance of the writ is clear and indisputable." *Bauman*, 557 F.2d at 656 (internal quotation marks and alterations omitted). In *Bauman*, the court identified four additional guidelines: (1) the party seeking the writ has no other adequate means, such as direct appeal, to attain the relief he desires; (2) he would be damaged or prejudiced in a way not correctable on appeal; (3) the district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules; and (4) the district court's order raises new and important problems, or issues of law of first impression. 557 F.2d at 654–55.

Here, nothing precludes Marifat from obtaining, on direct appeal, the relief he prematurely seeks in his mandamus petition. Indeed, the denial of a motion to dismiss an indictment as time barred may be reviewed on direct appeal after trial. *DeGeorge v. U.S. Dist. Court for Cent. Dist. Of California*, 219

F.3d 930, 934 (9th Cir. 2000). In *DeGeorge*, the defendant filed a mandamus petition after the district court denied his motion to dismiss based on the statute of limitations. The Ninth Circuit denied the mandamus petition, concluding that the availability of direct appeal rendered the "drastic remedy" provided by a writ of mandamus unnecessary. *See id.* at 934-35.

Marifat contends the appellate waiver in his plea agreement bars appellate review, thereby necessitating his mandamus petition. But in his mandamus petition, Marifat contends that by withdrawing his guilty plea, he nullified his plea agreement completely, and this Court thereby erred when it enforced the agreement's waiver of indictment. Marifat cannot contend that his plea agreement bars him from seeking appellate review and also contend, at the same time, that his plea agreement is a nullity. The supposed error that justifies his mandamus petition would equally justify a direct appeal. Thus, if the asserted error occurred, nothing would preclude Marifat from raising the claims in his mandamus petition on direct appeal. The fact that Marifat cannot obtain "immediate review" of this Court's denial of his motion to dismiss does not justify a petition for a writ of mandamus. *DeGeorge*, 219 F.3d 935.

Neither can Marifat show his mandamus petition is necessary to correct an oft-repeated error or manifest disregard for the federal rules, or that his mandamus petition raises important issues of law or first impression. Marifat first contends this Court errored by enforcing the waiver of indictment contained in Marifat's plea agreement because, after he withdrew his guilty plea, all waivers contained in his plea agreement were voided. But in its Order this Court held that Marifat knowingly and voluntarily waived indictment "separately and independently of the plea agreement." Dkt. 40 at 6 n. 5. Therefore, even if Marifat's plea agreement was nullified after he withdrew his guilty plea, Marifat nonetheless validly waived indictment.[1]

---

[1] Moreover, contrary to Marifat's assertion, a plea agreement does not automatically become void upon a defendant's withdrawal of his guilty plea. Cases cited in Marifat's motion to stay hold that when a defendant breaches his plea agreement, he cannot thereafter seek to enforce its terms. For example, in *Fox v. Johnson*, 832 F.3d 978, 988 (9th Cir. 2016), cited by Marifat, the Ninth Circuit held that a defendant who withdrew her guilty plea, thereby "voiding the plea agreement," could not thereafter seek specific performance of the plea agreement. Likewise, in *United States v. Jones*, 469 F.3d 563, 566 (6th Cir. 2006), also cited by Marifat, the Sixth Circuit held that when the defendant breached his plea agreement, "the plea agreement was nullified—at least in the sense of the government's commitment to drop certain charges." However, the government was permitted to introduce statements the defendant made pursuant to the cooperation provision of his plea agreement because "the agreement itself allowed the government to use the statement against [the defendant] if he violated the terms of the agreement."

Second, Marifat argues that this Court incorrectly held that the indictment can be timely pursuant to 18 U.S.C. § 3288 (which allows for a new indictment to be filed within six months after the initial charging document is dismissed) even if the initial charging document was an information filed without a valid waiver of indictment.  As this Court noted in its order denying Marifat's motion to dismiss, while courts have reached different conclusions as to whether the dismissal of an information filed without a waiver of indictment can trigger the six-month grace period provided by § 3288, here, Marifat knowingly and voluntarily waived indictment.  Dkt. 40 at 5-6 (comparing *United States v. Burdix-Dana,* 149 F.3d 741 (7th Cir. 1998) ("the absence of a waiver of indictment [does not make] the filing of an information a nullity") with *United States v. Machado*, 2005 WL 2886213 (D. Mass. Nov. 3, 2005) (information does not toll statute of limitations unless accompanied by a valid waiver of indictment)). Regardless of whether an information filed without a valid waiver can toll the statute of limitations pursuant to § 3288, Marifat's knowing and voluntarily waiver of indictment renders the question unnecessary to resolve.[2]

The "absence of clear error is usually fatal to a petition for writ of mandamus."  *DeGeorge*, 219 F.3d at 936.  Here, Marifat has failed to identify any error, much less clear error necessary to show likelihood of success in his mandamus petition.  Likewise, the supposedly unsettled issue of law identified in his mandamus petition is not necessary to resolve to determine Marifat is not entitled to the relief he seeks.

/ /

/ /

---

*Id.* at 567.

None of the other cases cited by Marifat stand for the proposition that a defendant can nullify the entirety of his plea agreement simply by withdrawing his guilty plea. *See United States v. Partida-Parra*, 859 F.2d 629, 634 (9th Cir. 1988) (mistake of fact did not entitle government to rescind plea agreement absent breach of agreement by the defendant); *Cuero v. Cate*, 827 F.3d 879 (9th Cir. 2016) (when government breaches plea agreement, defendant can request specific performance of the plea agreement) *overruled by Kernan v. Cuero*, 138 S.Ct. 4, 8 (2017) (specific performance as a remedy for breach of a plea agreement was not "clearly established federal law"); *United States v. Portillo-Cano,* 192 F.3d 1246, 1252 (9th Cir. 1999) (appellate waiver contained in a plea agreement was not enforceable against defendant who did not understand the nature of the charges against him); *United States v. Pena*, 314 F.3d 1152, 1154 n.1 (9th Cir. 2003) (same); *United States v. Bibler*, 495 F.3d 621, 655 (9th Cir. 2007) (knowing and voluntary appellate waiver precludes review if the waiver covers the grounds raised on appeal).

[2] The other cases Marifat cites do not support his position.  *See* Dkt. 40 at 5 n.3.

### B. Marifat Will Not Suffer Irreparable Harm From Proceeding to Trial

"Being forced to stand trial despite the running of the statute of limitations on certain charges is not inherently prejudicial." *DeGeorge*, 219 F.3d at 936. Such is the case because the statute of limitations "creates a safeguard against unfair *convictions* arising from delinquent prosecutions but does not entail a right to be free from *trial.*" *Id.* (quoting *United States v. Rossman*, 940 F.2d 535, 536 (9th Cir. 1991)).

Here, Marifat contends that if he is forced to stand trial he will suffer "irreversible harm" and judicial resources will be wasted. Dkt. 49 at 5. These hardships, however, are "normal features" of the legal system, and not the type that support granting mandamus relief.[3] *DeGeorge*, 219 F.3d at 935-36. Nor does the supposed prejudice identified by Marifat justify a stay of proceedings while the mandamus petition is pending in the Ninth Circuit. *See Nken*, 556 U.S. at 434-35 ("simply showing some possibility of irreparable injury" is not sufficient to justify a stay).

### CONCLUSION

Trial is scheduled for October 2, 2018. The government expects Marifat's mandamus petition will be decided before trial, but even if it remains pending at the time of trial, a stay is unwarranted. Marifat has not established he is likely to succeed on the merits or that he will suffer irreparable harm in

//

---

[3] Marifat also contends that unless his plea agreement is declared a nullity, he could face an unfair trial, in which he could hypothetically be compelled to testify against himself pursuant to the cooperation provision in his plea agreement. But the Court's Order denying Marifat's motion to dismiss does not address whether Marifat remains bound by his cooperation obligations after he withdrew from his plea and therefore such hypothetical injustices cannot provide a basis for mandamus relief or a stay of these proceedings.

To be clear, the plea agreement does not compel Marifat to testify against himself and the government will not seek to compel his testimony. However, the government does intend to introduce statements Marifat made at his Rule 11 hearing pursuant to a waiver contained in his plea agreement. Although statements made during Rule 11 proceedings are generally inadmissible under Federal Rule of Evidence 410, a defendant can waive those protections. *United States v. Mezzanatto*, 513 U.S. 196, 210 (1995). Moreover, withdrawal of a guilty plea does not render a Rule 410 waiver contained in a plea agreement unenforceable. *United States v. Jim*, 786 F.3d 802, 809 (10th Cir. 2015) ("[T]he clearly contemplated situation where the Rule 410 waiver would have any usefulness to the government is in precisely this situation—where the defendant failed to carry out his side of the bargain to plead guilty and thereby forced the government to trial."). Given that Marifat's mandamus petition implicitly questions the enforceability of the Rule 410 waiver in his plea agreement, the government will file a motion in limine to admit defendant's admissions once a deadline is scheduled at the August 20, 2018 trial confirmation hearing.

the absence of a stay.  For all the foregoing reasons, Marifat's motion for a stay of proceedings should be denied.

                                                                  Respectfully submitted,

Dated: August 13, 2018                          /s/
                                                  ANDREW MAST
                                                  Trial Attorneys
                                                  Antitrust Division
                                                  United States Department of Justice