UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>YAMA MARIFAT,<br><br>        Defendant. | No. 2:17-cr-0189 WBS<br><br>ORDER RE: MOTION FOR STAY OF PROCEEDINGS |

----oo0oo----

Before the court is defendant Yama Marifat's Motion for Stay of Proceedings. (Docket No. 49.) Defendant argues (1) the court clearly erred in denying his motion to dismiss the indictment based on the running of the statute of limitations, and (2) a stay is necessary to allow the Ninth Circuit to resolve his petition for writ of mandamus which is based on the denial of his motion to dismiss.

"A stay is not a matter of right, even if irreparable injury might otherwise result," and the movant bears the burden of showing that the circumstances of the case justify the court's

1

exercise of discretion to stay the case. Nken v. Holder, 556 U.S. 418, 433-34 (2009) (citations and internal punctuation omitted). In exercising its discretion, the court considers factors similar to those in considering a preliminary injunction: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Id. at 434 (citation omitted).

A petitioner seeking a writ of mandamus must show that the following factors clearly weigh in favor of issuance of a writ:

> (1) The party seeking the writ has no other adequate means, such as a direct appeal, to attain the relief he or she desires. (2) The petitioner will be damaged or prejudiced in a way not correctable on appeal.... (3) The district court's order is clearly erroneous as a matter of law. (4) The district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules. (5) The district court's order raises new and important problems, or issues of law of first impression.

DeGeorge v. U.S. Dist. Ct., 219 F.3d 930, 934 (9th Cir. 2000) (quoting Bauman v. U.S. Dist. Ct., 557 F.2d 650 (9th Cir. 1977)).

As explained by the court in DeGeorge, 219 F.3d at 935-936, "the denial of a motion to dismiss an indictment as time barred may be reviewed on direct appeal after trial." Moreover, "[be]ing forced to stand trial despite the running of the statute of limitations . . . is not inherently prejudicial" because a "limitations statute creates a safeguard against unfair convictions arising from delinquent prosecutions but does not

entail a right to be free from trial" and "unnecessary cost and delay" caused by an erroneous district court decision "are not prejudice correctable through the use of the writ of mandamus." Id. at 936 (citations and internal punctuation omitted). Because defendant may directly appeal the denial of his motion to dismiss his indictment and being forced to stand trial is not inherently prejudicial, the first two factors weigh against issuance of a writ of mandamus. Similarly, for the same reasons, being forced to stand trial does not constitute irreparable harm.

Further, defendant has not shown that the court clearly erred in denying his motion to dismiss the indictment, that any error the court may have committed is an oft-repeated error, or that the court's order raises new and important problems or issues of law of first impression. Accordingly, defendant has not shown that he is likely to succeed on the merits of his petition for writ of mandamus and has not shown irreparable injury, and the court will deny the request for stay of proceedings pending the Ninth Circuit's consideration of defendant's petition.

IT IS THEREFORE ORDERED that defendant's Motion for Stay of Proceedings (Docket No. 49) be, and the same hereby is, DENIED.

Dated: August 20, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE