ANDREW MAST (CSBN 284070)
JENNIFER HANE (CSBN 275729)
ARSHIA NAJAFI (CSBN 311229)
Trial Attorneys
U.S. Department of Justice
Antitrust Division
450 Golden Gate Avenue, Room 10-0101
San Francisco, California  94102-3478
Telephone: (415) 934-5300
andrew.mast@usdoj.gov

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                     Plaintiff,<br><br>                 v.<br><br>YAMA MARIFAT,<br><br>                                     Defendant. | CASE NO. 2:17-CR-0189 WBS<br><br>**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SPECIFIC PERFORMANCE OF PROFFER AGREEMENT**<br><br>DATE: September 24, 2018<br>TIME: 10:00 a.m.<br>COURT: Honorable William B. Shubb |

**ARGUMENT**

In a plea agreement with the government, defendant Yama Marifat waived the inadmissibility of statements he made during interviews with the government.  The government interviewed Marifat on four occasions pursuant to a proffer agreement in which Marifat agreed his statements could be used to rebut any contradictory arguments he made or evidence he introduced at trial.  That proffer agreement, however, was superseded by a subsequent plea agreement, which stated that "all statements" made by Marifat, whether before or after the plea agreement, were admissible, and that no other agreements existed outside the plea agreement.  Marifat cannot now seek specific performance of his proffer agreement after entering into a plea agreement that superseded it.  His motion should be denied.

//

Marifat knowingly and voluntarily entered his plea agreement. His claim that he did not understand the terms of his plea agreement is not supported by any evidence and is contrary to the previous assertions Marifat made under oath at his guilty plea hearing. During his Rule 11 hearing, Marifat confirmed that he entered into the plea agreement "freely and voluntarily with the advice of [his] attorneys," and that no one made any promises to Marifat outside what was stated in open court or what was written in his plea agreement. Transcript of Change of Plea Hearing at 14:8-12; 15:13–17:28. Moreover, Marifat's former attorney confirmed that he discussed the plea agreement with Marifat. *Id.* at 5:27–6:26. The plea agreement explicitly states that "no agreement, understanding, promise, or condition between the government and the defendant exists" outside the plea agreement. Plea Agreement at 14. Hence, the Court should disregard Marifat's assertion (unaccompanied by any evidence) that his former counsel "would assuredly confirm" that Marifat did not understand the terms of his plea agreement. Dkt. 58 at 9.

The government has not breached the terms of the proffer agreement. First, even if the Court concludes that the plea agreement did not supersede the proffer agreement, the government's "intention" to use statements from Marifat's interviews is not a breach of the proffer agreement. Pursuant to the terms of the proffer agreement, the government is permitted to use Marifat's interview statements to rebut arguments or evidence introduced by Marifat. Second, and more importantly, the proffer agreement was superseded by his plea agreement, which provides that all of Marifat's statements shall be admissible. The government has not (and will not) breach the plea agreement, which is the only "agreement, understanding, promise, or condition between the government and the defendant."[1] Plea Agreement at 14.

---

[1] Accordingly, the cases Marifat cites addressing the government's breach of a plea or proffer agreement are inapposite. *See e.g., United States v. Whitney*, 673 F.3d 965, 970 (9th Cir. 2012) (where plea agreement precluded using information provided by defendant at sentencing, government breached plea agreement by referring to that information to support a role enhancement); *United States v. D.P.*, 720 Fed. Appx. 390, 392 (where proffer agreement precluded government from using information provided by defendant at sentencing, government breached proffer agreement by referring to that information, even when prompted by the court); *United States v. Melvin*, 730 F.3d 29, 38 (1st Cir. 2013) (where proffer agreement precluded government from using at trial information provided by defendant during interview, government breached proffer agreement by introducing testimony identifying defendant's voice from his interview); *United States v. Jimenez-Bencevi*, 788 F.3d 7, 17-18 (1st Cir. 2015) (where

Because the plea agreement supersedes the proffer agreement, no breach will occur even if the government introduces statements Marifat made during his interviews in its case-in-chief. *United States v. Quesada*, 607 F.3d 1128, 1132 (6th Cir. 2010) ("plea agreement that does not incorporate the terms of a proffer agreement supersedes the proffer agreement and renders its terms void"); *United States v. Fagge*, 101 F.3d 232, 234 (2d Cir. 1996) (plea agreement stating no other promises, agreements, or understandings between the government and the defendant superseded the earlier proffer agreement limiting the use of the defendant's statements at sentencing); *United States v. Davis*, 393 F.3d 540, 546 (5th Cir. 2004) (plea agreement superseded proffer agreement where defendant confirmed at Rule 11 hearing that he fully understood terms of the plea agreement and no other promises were made to him outside the plea agreement).

The Rule 410 and Rule 11(f) waiver in Marifat's plea agreement remain operative, and thus supersede his proffer agreement, even after Marifat withdrew his guilty plea. *United States v. Jim*, 786 F.3d 802 809 (10th Cir. 2015). *United States v. Whitmore*, 35 Fed. Appx. 307 (9th Cir. 2002) (unpublished), an unpublished case cited by defendant, does not counsel otherwise. In *Whitmore*, the plea agreement did not supersede the proffer agreement because the defendant "chose *not* to enter into a binding plea agreement with the government." 35 Fed. Appx. at 325 (emphasis in original). But had the defendant entered into the plea agreement, as Marifat did here, the plea agreement would have superseded the terms of the proffer agreement. *See id.*

## CONCLUSION

For the foregoing reasons, and for the reasons stated in the United States' Motion to Admit Defendant's Admissions (Dkt. 59), Marifat's motion for specific performance of the proffer agreement should be denied.

DATE: September 11, 2018                                    Respectfully submitted,

/s/_____
ANDREW MAST
U.S. Dept. of Justice – Antitrust Division

---

proffer agreement precluded using information provided by defendant to cross-examine witnesses, government breached proffer agreement by insisting defendant's expert witness review defendant's proffer statements before testifying).