1   DAVID J. COHEN, ESQ.
    California Bar No. 145748
2   ALEXANDER P. GUILMARTIN, ESQ.
    California Bar No. 306787
3   **BAY AREA CRIMINAL LAWYERS, PC**
4   300 Montgomery Street, Suite 660
    San Francisco, CA 94104
5   Telephone: (415) 398-3900

6

    Attorneys for Defendant **Yama Marifat**

7

8                   UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,            Case No. 2:17-CR-00189 WBS

12          Plaintiff,                   **MR. MARIFAT'S REPLY TO RESPONSE
                                         TO MOTION *IN LIMINE* FOR SPECIFIC
13  v.                                   PERFORMANCE OF PROFFER
                                         AGREEMENT**
14  YAMA MARIFAT,

15          Defendant.                   Date: September 24, 2018
                                         Time: 9:00 a.m.
16                                       Ctrm: 5

17

18                              **I.**

19                         **INTRODUCTION**

20          The government opposes Mr. Marifat's motion *in limine* for specific performance of the

21  proffer agreement (doc. no. 64), presenting two alternative arguments: (1) the proffer

22  agreement is unenforceable because it was superseded and replaced by the later-enacted plea

23  agreement; and (2) the government has not yet breached the proffer agreement in any event.[1]

24

25

26  [1] The government also notes its ongoing position that the some terms of the plea agreement, including
    Mr. Marifat's Rule 410 waiver, are enforceable even following the agreement's rescission. Mr. Marifat
27  contends that the plea agreement was nullified when this Court granted the withdrawal of his plea, and
    that he did not knowingly and voluntarily enter into the Rule 410 waiver the government describes in
28  any event. Because this issue forms the basis of the government's own motion *in limine* and is addressed
    at length in Mr. Marifat's opposition thereto, he does not repeat his arguments regarding this claim here.

    Mr. Marifat's Reply to Response to Motion *In Limine* for Specific Performance of Proffer Agreement
    *U.S. v. Marifat;*
    Case No. 2:17-CR-00189 WBS

                                         1

The latter argument is easily refuted, as the government has now affirmatively moved to admit Mr. Marifat's proffer statements in its case-in-chief and for "a pretrial order permitting it to refer to [Mr.] Marifat's admissions in its opening statement." Doc. no. 59, 1:25. The proffer agreement's prohibition on the government's "offer[ing] in evidence in its case-in-chief" Mr. Marifat's statements has thus been violated, and an order compelling specific performance of the agreement is the appropriate remedy.

Nonetheless, the government contends that the proffer agreement was rendered unenforceable by the signing of the plea agreement, even following Mr. Marifat's withdrawal of his plea and the consequent rescission of the plea agreement. This is an entirely novel and wholly dangerous position. If this Court accepts the government's arguments, it will be greatly increasing the risks associated with cooperation agreements, rendering the statutory mechanism by which a defendant may withdraw his plea a foolish and effectively unavailable procedure. And if this Court rules in accordance with the government's contention, it will be doing so for the first time, as the government has identified no case in which a court has so ruled.

The government cites three out-of-Circuit cases in support of its position. Of course, none of these cases are binding on this Court. But perhaps more importantly, all three are factually distinguishable, and none stand for the proposition that a defendant may not obtain specific performance of a proffer agreement if he signed a plea agreement that was later rescinded.

In both *United States v. Quesada*, 607 F.3d 1128 (6th Cir. 2010) and *United States v. Fagge*, 101 F.3d 232 (2d Cir. 1996), the Courts permitted the government to use a defendant's proffer statements against him at sentencing, in accordance with his later enacted plea agreement. In both cases, defendants entered into proffer agreements with the government,

made proffer statements, entered into plea agreements, and then were sentenced pursuant thereto. Neither defendant ever moved to withdraw his plea, and in both cases the Court simply enforced against them the valid plea agreement to which they remained bound. As the Sixth Circuit explained: "[B]ecause the government made no promises concerning the use of Quesada's proffer in the plea agreement, Quesada's claim that the government breached the plea agreement is without merit." *Quesada*, *supra*, 607 F.3d at 1132. The Second Circuit described the circumstances similarly: "Thus, the government acted well within its rights and obligations under the scope of the plea agreement when it answered the court's questions during sentencing." *Fagge*, *supra*, 101 F.3d at 234. Neither Circuit addressed the question of whether the plea agreement would apply after the defendant had withdrawn his plea, and both Circuits simply enforced plea agreements whose validity was challenged by neither party.

The third case cited by the government, *United States v. Davis*, 393 F.3d 540 (5th Cir. 2004), is even more readily distinguishable. In that case, as in *Quesada* and *Fagge*, the defendant did not withdraw his plea. Rather, after entering into a plea and cooperation agreement with the government, defendant breached the agreement by lying to law enforcement and was subsequently indicted. *Id*. at 546. The defendant claimed the government had breached the plea agreement by indicting him, and moved to dismiss the indictment. *Id*. at 545. The Fifth Circuit simply found that the defendant's breach was sufficiently material so as to release the government from its obligations under the plea agreement, and refused to enforce the plea agreement against the government. *Id*. at 547. The defendant's earlier proffer agreement did not affect the calculus, particularly as the plea agreement contained language indicating that it specifically superseded the proffer agreement. *Id*. at 545.

Mr. Marifat's Reply to Response to Motion *In Limine* for Specific Performance of Proffer Agreement
*U.S. v. Marifat;*
Case No. 2:17-CR-00189 WBS

1
2
3
4
5

Notably, the plea agreement in *Quesada* also included a clause specifying the fact that it was intended to supersede the prior proffer agreement. *Quesada*, *supra*, 607 F.3d at 1132. Yet no such language was included in the plea agreement here, which failed to reference the proffer agreement at all, let alone to specifically supersede it. Had the government wished to rely

6
7
8
9
10
11

solely on the terms of the plea agreement and negate all of the promises made between the parties in the proffer agreement, it, as the drafter of the agreement, could have proposed language doing just that. To the extent there is ambiguity here as to whether the terms of the plea agreement were intended to supersede the proffer agreement, that ambiguity must be resolved in favor of Mr. Marifat. *United States v. Clark*, 218 F.3d 1092, 1095 (9th Cir. 2000).

12
13
14
15
16
17
18
19
20

As it does in its own motion *in limine* seeking the admission of Mr. Marifat's proffer and plea statements, the government once again asks this Court to adopt an unprecedented position. It relies on distinguishable, non-binding precedent from other Circuits to attempt to substantiate its arguments. This Court should not participate in the government's proposed scheme and should not enforce against Mr. Marifat alone a plea agreement that has been rescinded while refusing to enforce a proffer agreement that remains valid. Such arbitrary and capricious enforcement is not required by contract law principles nor by any holding of any federal court in a criminal case.

21
22
23
24
25
26
27
28

Rather, Mr. Marifat urges this Court recognize the "constitutional dimension" of the Fifth Amendment violation the government asks it to execute. *See United States v. Melvin*, 730 F.3d 29, 39 (1st Cir. 2013). Mr. Marifat's consent to participation in a proffer session should not be transmuted into the mechanism by which his Due Process rights will be violated at his trial. Such a result is not compelled by the terms of the proffer agreement, nor by the previous existence of a now invalid plea agreement. In exchange for the limits offered on its use, Mr.

Mr. Marifat's Reply to Response to Motion *In Limine* for Specific Performance of Proffer Agreement
*U.S. v. Marifat;*
Case No. 2:17-CR-00189 WBS

1
2
3
4
5
6

Marifat's statements were provided to the government. The government now wishes to renege on its bargained-for consideration and use those statements indiscriminately in violation of the agreement reached by the parties and the United States Constitution. Mr. Marifat respectfully requests this Court instead order specific performance of the proffer agreement, which explicitly restricts the use of Mr. Marifat's statements at trial.

7

Respectfully submitted,

8

**BAY AREA CRIMINAL LAWYERS, PC**

9
10

Dated: September 17, 2018          By:/s/David J. Cohen
                                        DAVID J. COHEN, ESQ.

11

Attorneys for Defendant **Yama Marifat**

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Mr. Marifat's Reply to Response to Motion *In Limine* for Specific Performance of Proffer Agreement
*U.S. v. Marifat;*
Case No. 2:17-CR-00189 WBS