UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  v.<br><br>YAMA MARIFAT,<br><br>      Defendant. | Crim. No. 2:17-0189 WBS<br><br><u>RULING ON MOTIONS IN LIMINE</u> |

----oo0oo----

On August 6, 2010, defendant entered into a proffer agreement with the government (Docket No 59, Exh. E), in which the parties agreed, among other things, that:

> "In any prosecution brought against [defendant] by [the San Francisco Field Office of the Antitrust Division of the Department of Justice], the Government will not offer in evidence in its case-in-chief or in connection with any sentencing proceeding for the purpose of determining an appropriate sentence, any statements made by [defendant] at the meeting [held with representatives of the United States on August 6, 2010], except to comply with Section 1B1.8(b) of the Sentencing Guidelines, or in a prosecution for false statements, obstruction of justice, or perjury with respect to any acts

1

> committed or statements made during or after the meeting or testimony given after the meeting."

An exception was made that the government could use defendant's statements made at the meeting to rebut any evidence or arguments offered by or on behalf of defendant at trial or other certain other hearings.

Later, on February 24, 2011, the parties entered into a written plea and cooperation agreement (Docket No. 59, Exh. A), in which defendant agreed to waive indictment and plead guilty to a two-count information. That agreement contained the provision that:

> ". . .if the defendant successfully moves to withdraw his plea. . . all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this Agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant. . ."

As part of the plea agreement, defendant also agreed not to assert any claim that his statements, or any leads derived therefrom, should be suppressed.

On March 7, 2011, defendant entered a plea of guilty pursuant to the plea agreement and agreed to postpone judgment pending the disposition of the case against other defendants. Five and one-half years later, before he was to finally be sentenced, on September 11, 2016, defendant moved to withdraw his plea. The court granted the motion on April 24, 2017. The government subsequently moved to dismiss the information and took the matter to the Grand Jury, which returned an indictment against defendant in this case on October 19, 2017.

2

1    This case is presently set for trial to commence on
2 October 3, 2018.  Defendant has moved in limine to enforce the
3 provisions of the proffer agreement to preclude the government
4 from presenting evidence of any statements made by the defendant
5 at his meeting with the government or at his plea hearing as
6 part of its case in chief.  (Docket No. 58).  Conversely, the
7 government moves in limine to admit those statements pursuant to
8 the terms of the plea agreement.  (Docket No. 59).
9    The government's position has some superficial appeal.
10 In granting defendant's motion to set aside his plea, the court
11 did not set aside the plea agreement itself.  The court held
12 only that its Rule 11 colloquy with defendant was deficient.
13 The court did not determine that there was any deficiency in the
14 plea agreement.  The plea agreement constituted a binding
15 contract between defendant and the government.  See Buckley v.
16 Terhune, 441 F.3d 688 (9th Cir. 2006).  By the express terms of
17 that contract, all statements made by him to the government
18 became admissible at trial once he moved to withdraw his guilty
19 plea.
20    However, this court is bound by the decisions of the
21 Ninth Circuit.  In Fox v. Johnson, 832 F.3d 978, 987 (9th Cir.
22 2016), the Ninth Circuit explained that "[w]hen the district
23 court exercises its power under the Federal Rules to reject a
24 plea agreement or permit a defendant to withdraw his plea, it is
25 clear by implication that the parties are consequently released
26 from their obligations under the plea agreement." [quoting from
27 United States v. Partida-Parra, 859 F.2d 629, 634 n. 6 (9th Cir.
28 1988)].

3

It can certainly be argued that the facts in Fox are distinguishable. First, it was the defendant in that case who was seeking to bind the government to the plea agreement, rather than *vice versa* as in the present case. Second, it does not appear that the plea agreement in that case contained a clause comparable to the one at issue here. Yet, the language in Fox and Partida-Parra is explicit, and the government has been unable to cite any Ninth Circuit authority to the contrary.

Thus, the court concludes that when defendant was permitted to withdraw his guilty plea both sides were released from their obligations under the plea agreement, and the government may not enforce that provision of the plea agreement allowing for admission into evidence of defendant's statements. The provisions of the proffer agreement remain in effect, and the government may not use evidence of defendant's statements as part of its case-in-chief, except as provided in the proffer agreement.

IT IS SO ORDERED.

Dated: September 24, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE