DAVID J. COHEN, ESQ.
California Bar No. 145748
ALEXANDER P. GUILMARTIN, ESQ.
California Bar No. 306787
**BAY AREA CRIMINAL LAWYERS, PC**
300 Montgomery Street, Suite 660
San Francisco, CA 94104
Telephone: (415) 398-3900

Attorneys for Defendant **Yama Marifat**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:17-CR-00189 WBS |
| Plaintiff, | **MR. MARIFAT'S MOTION TO STRIKE THE UNITED STATES' MOTION TO LIFT STAY AND SCHEDULE A STATUS CONFERENCE (DKT. 90)** |
| v. | |
| YAMA MARIFAT, | |
| Defendant. | |

**I.**

**INTRODUCTION**

Having sought an interlocutory appeal of this Court's order related to the admissibility of evidence at trial (and delaying trial accordingly), the government now seeks to terminate that appeal three months later and proceed immediately to proceedings in this Court on the prosecution's desired schedule. To accomplish this, the government has filed a "motion to lift stay and schedule a status conference." Dkt. 90. This motion is entirely infirm, having been noticed for hearing in violation of the Local Rules of this District and containing factual inaccuracies. It is also premature, as Mr. Marifat contends that the clerk for the Ninth Circuit Court of Appeals has acted erroneously in issuing a mandate on behalf of that Court. Finally,

Mr. Marifat's Motion to Strike the United States' Motion to Lift Stay and Schedule a Status Conference (Dkt. 90)
*U.S. v. Marifat;*
Case No. 2:17-CR-00189 WBS

1

counsel for Mr. Marifat is unavailable on the date sought for hearing by the government, as they had earlier indicated to the prosecution. For all of these reasons, Mr. Marifat requests this Court strike the government's motion, which it may elect to file anew with proper notice in adherence with the Local Rules.

## II.

### THE GOVERNMENT'S MOTION SHOULD BE STRICKEN AS FILED IN VIOLATION OF LOCAL RULE.

The government filed its motion on the evening of December 26, 2018. It noticed the motion for a hearing 12 days later, on January 7, 2019, and submitted a proposed order further scheduling a status hearing on that date. Local Rule 430.1 requires that all motions be noticed for hearing "not less than fourteen (14) days after the filing of the motion." The government's notice does not comply with this Rule, and it has not sought an order shortening time (nor provided any reason why the motion should be heard on an expedited basis, given the fact that it was the government who sought the delay that has transpired since September 27, 2018). For this reason, the government's motion should be stricken. If it continues to seek a hearing before this Court, it should file a properly noticed motion in compliance with federal law and the Local Rules of this District.

## III.

### THIS COURT SHOULD NOT ACT WHILE PROCEEDINGS CONTINUE BEFORE THE NINTH CIRCUIT COURT OF APPEALS.

Improperly noticed or otherwise, the government's motion is premature. On December 21, 2018, the government moved to dismiss its appeal in the Court of Appeals.[1] That same day, the Deputy Clerk for the Ninth Circuit Court of Appeals issued an order dismissing the appeal

---

[1] Beginning what appears to have become a pattern, the government misstated defense counsel's position in its motion to dismiss the appeal.

Mr. Marifat's Motion to Strike the United States' Motion to Lift Stay and Schedule a Status Conference (Dkt. 90)
*U.S. v. Marifat;*
Case No. 2:17-CR-00189 WBS

2

and purporting to "act as and for the mandate of this court." The clerk, however, was not permitted to issue such an order, nor was the Court permitted to act on the government's motion to dismiss the appeal until Mr. Marifat was afforded an opportunity to submit his response.

Fed. R. App. P. 27(a)(3)(A) affords the defense 10 days to file a response to a government motion. Rule 27(b) permits the Court to act on a motion without awaiting a response only if the motion is one "for a procedural order." A motion to dismiss is not a "procedural order" which may be determined without an opportunity for a response from the other party. In fact, it is specifically described by the Ninth Circuit's Rules as a "substantive motion" that must be ruled upon by the Court's motions panel. *See* Circuit Advisory Committee Note 27-1(3)(a). The Court of Appeals, therefore, acted prematurely in ruling on the government's motion to dismiss the appeal without first providing Mr. Marifat an opportunity to submit a response to the motion.

Likewise, a motion to dismiss an appeal is not a procedural motion that may be disposed of by a clerk of the Court, rather than a judge. Ninth Circuit Rule 27-7 allows the Court to delegate to the clerk the authority to decide certain motions (as is permitted by the legislature in Fed. R. App. P. 27(b)). This the Court has elected to do only as to "non-dispositive procedural motions." *See* Circuit Advisory Committee Note 27-7. A motion to dismiss the appeal is clearly neither "non-dispositive" nor "procedural"; indeed, the Court has set out the specific motions on which a clerk may act in its General Orders. Fed. R. App. P. 42 likewise permits the clerk to "dismiss a docketed appeal if the parties file a signed dismissal agreement." No such agreement has been reached here.

For these reasons, the clerk for the Court of Appeals acted improperly in issuing its order granting the government's motion to dismiss the appeal. As he has indicated to the government, Mr. Marifat intends to move for reconsideration of the clerk's order; he has 14 days from the date

Mr. Marifat's Motion to Strike the United States' Motion to Lift Stay and Schedule a Status Conference (Dkt. 90)
*U.S. v. Marifat;*
Case No. 2:17-CR-00189 WBS

3

of the order in which he may do so. *See* Ninth Circuit Rule 27-10(a)(1); Fed. R. App. P. 40(a)(1).

Because the government has attempted to (improperly) hear this matter on an expedited basis,

Mr. Marifat has not had an opportunity to provide his briefing to the Court of Appeals. Until he

may do so, this Court should not act; for the reasons provided above, this Court does not even

have the jurisdiction to do so. Rather than set status conferences and motions hearings at the

government's whims, this Court should allow the proceedings in the Court of Appeals to properly

conclude, and then resume proceedings in this matter pursuant to any commands from the higher

Court.

## IV.

## THE GOVERNMENT MISSTATES MR. MARIFAT'S POSITION REGARDING ITS MOTION TO LIFT THE STAY.

The government claims in its motion that Mr. Marifat "opposes the motion to lift the

stay." This is not an accurate characterization of Mr. Marifat's position and is not what Mr.

Marifat indicated to the government. Mr. Marifat informed the government on December 26 (1)

that the Court had been advised as to his position on any stay at the time the government

previously moved for a stay; and (2) that his position has not changed. That remains accurate.

Specifically, Mr. Marifat's position as to any stay is precisely that which the government quoted

in its motion seeking a stay:

> The government has advised Mr. Marifat that it intends to file a 'protective notice
> of appeal' prior to the October 3, 2018 trial date. Mr. Marifat has informed the
> government that, pursuant to his review of the law, it appears that such a protective
> notice of appeal would act to immediately divest the district court of its
> jurisdiction to proceed with the trial. *See, e.g., In re X-Cel, Inc.,* 823 F.2d 192,
> 194 (7th Cir. 1987). Therefore, Mr. Marifat does not believe there is a valid legal
> basis to object to the government's motion for a stay, assuming that the
> government files a protective notice of appeal as it has indicate [*sic*] it intends to
> do. Mr. Marifat does not oppose the government's motion for this reason.

Dkt. 85 at 2:22 (fn. 1). This remains Mr. Marifat's position.

Mr. Marifat's Motion to Strike the United States' Motion to Lift Stay and Schedule a Status Conference (Dkt. 90)
*U.S. v. Marifat;*
Case No. 2:17-CR-00189 WBS

4

Nonetheless, just as he also indicated to the government on December 26, Mr. Marifat intends to respond to the government's properly noticed motion to lift the stay (if and when it files such a motion) as he is entitled to do. Such a response is due, and will be filed, within seven days of the filing of the government's motion. *See* Local Rule 430.1(d).

**V.**

## DEFENSE COUNSEL IS UNAVAILABLE ON THE DATE SOUGHT BY THE GOVERNMENT FOR HEARING.

Even if the government's motion were lawfully submitted and consideration thereof appropriate, the date sought for hearing by the government is infeasible. Lead counsel for Mr. Marifat, David J. Cohen, Esq., is unavailable on January 7, 2019. So too is his associate, Alexander P. Guilmartin, Esq., with whom the government has also spoken regarding this case. Defense counsel has three state court appearances and one federal appearance scheduled for that date; one of these January 7 matters is set for the commencement of a no-time-waived trial, and another for a two-to-three-week, no-time-waived preliminary hearing.

Notably, defense counsel informed the government of its availability before it filed its motion. Although the government's motion claims that it "was unable to ascertain a date that defense counsel would be available," defense counsel provided the next dates in January that Mr. Cohen reasonably expected he could be available for a hearing on this matter. Despite this, the government requested an infeasible hearing date from this Court and neglected to inform the Court that defense counsel had already indicated it would be unavailable on the requested date. It is the government who chose to abandon its appeal, seek immediate proceedings in this Court, and attempt to schedule matters on an expedited basis during a period of "budgetary uncertainty for the federal government." That it has chosen to do so does not excuse it from compliance with Local Rule or from its ethical obligation to fully inform the Court of scheduling conflicts and

Mr. Marifat's Motion to Strike the United States' Motion to Lift Stay and Schedule a Status Conference (Dkt. 90)
*U.S. v. Marifat;*
Case No. 2:17-CR-00189 WBS

disputes when it seeks improper and infeasible hearings. The Court should strike the government's motion.

## VI.

## <u>CONCLUSION</u>

For all of the above reasons, Mr. Marifat respectfully requests this Court strike the government's motion (dkt. 90) and order the government, if it continues to seek its requested relief, to file a properly noticed motion respecting the proceedings currently pending above.

Respectfully submitted,

**BAY AREA CRIMINAL LAWYERS, PC**

Dated: December 27, 2018          By:/s/David J. Cohen
                                       DAVID J. COHEN, ESQ.

Attorneys for Defendant **Yama Marifat**

Mr. Marifat's Motion to Strike the United States' Motion to Lift Stay and Schedule a Status Conference (Dkt. 90)
*U.S. v. Marifat;*
Case No. 2:17-CR-00189 WBS

6