DAVID J. COHEN, ESQ.
California Bar No. 145748
ALEXANDER P. GUILMARTIN, ESQ.
California Bar No. 306787
**BAY AREA CRIMINAL LAWYERS, PC**
300 Montgomery Street, Suite 660
San Francisco, CA 94104
Telephone: (415) 398-3900

Attorneys for Defendant **Yama Marifat**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>YAMA MARIFAT,<br><br>Defendant. | Case No. 2:17-CR-00189 WBS<br><br>**MR. MARIFAT'S OPPOSITION TO UNITED STATES' MOTION TO LIFT STAY (DKT. 90)**<br><br>Date: January 22, 2019<br>Time: 9:00 a.m.<br>Ctrm: 5 |

**I.**

**INTRODUCTION**

Having sought an interlocutory appeal of this Court's order related to the admissibility of evidence at trial (and delaying trial accordingly), the government now seeks to terminate that appeal three months later and proceed immediately to proceedings in this Court on the prosecution's desired schedule. To accomplish this, the government has filed a "motion to lift stay and schedule a status conference." Dkt. 90. This motion is premature, as Mr. Marifat contends that the clerk for the Ninth Circuit Court of Appeals has acted erroneously in issuing a mandate on behalf of that Court.

Mr. Marifat's Opposition to United States' Motion to Lift Stay (Dkt. 90)
*U.S. v. Marifat;*
Case No. 2:17-CR-00189 WBS

On December 21, 2018, the government moved to dismiss its appeal in the Court of Appeals. That same day, the Deputy Clerk for the Ninth Circuit Court of Appeals issued an order dismissing the appeal and purporting to "act as and for the mandate of this court." The clerk, however, was not permitted to issue such an order, nor was the Court permitted to act on the government's motion to dismiss the appeal until Mr. Marifat was afforded an opportunity to submit his response. Mr. Marifat put forth these arguments in a December 28, 2018 motion for reconsideration of the clerk's order. He incorporates by reference that motion and the arguments contained therein. *See* dkt. 7, case no. 18-10372.

The Ninth Circuit has not ruled on Mr. Marifat's motion, nor has the government filed any response thereto. While his motion for reconsideration of the Ninth Circuit clerk's dismissal of the appeal remains pending, this Court should take no action. Indeed, this Court does not have the jurisdiction to act unless and until the Ninth Circuit issues a proper mandate dismissing the appeal. Rather than set a trial date or otherwise proceed, this Court should allow the proceedings in the Court of Appeals to properly conclude, and only then resume proceedings in this matter pursuant to any commands from the higher Court.

Respectfully submitted,

**BAY AREA CRIMINAL LAWYERS, PC**

Dated: January 15, 2019          By: /s/David J. Cohen
                                       DAVID J. COHEN, ESQ.

                                 Attorneys for Defendant **Yama Marifat**