UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>YAMA MARIFAT,<br><br>  Defendant. | No.  2:17-cr-0189 WBS<br><br>ORDER RE: MOTION TO DISMISS |

----oo0oo----

Before the court is defendant's Motion to Dismiss the Indictment filed February 25, 2019.  (Docket No. 99.)  The court held a hearing on the motion on April 15, 2019.

Defendant argues that the indictment should be dismissed for (1) violation of the Speedy Trial Act, 18 U.S.C. § 3161, et seq., or (2) violation of Federal Rule of Criminal Procedure 48(b) ("Rule 48(b)").

The court rejects both arguments.  First, while defendant contends that the running of the Speedy Trial Act's 70-day trial clock was not tolled by the government's appeal,

1

defendant concedes that delay from an interlocutory appeal is normally excluded from Speedy Trial Act calculations.[1]  (See Mot. 5.)  Indeed, the statute regarding time limits and exclusions under the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(C), excludes "[a]ny period of delay resulting from other proceedings concerning the defendant, including . . . delay resulting from any interlocutory appeal." (emphasis added).  Although the government labeled its notice of appeal as "protective," and noted that it would need approval of the Solicitor General to continue with the appeal, defendant cites no authority, and the court is unaware of any, which holds that "protective" appeals do not qualify as interlocutory appeals under § 3161(h)(1)(C).

        To the contrary, the Federal Rules of Appellate Procedures contain relatively permissive standards regarding what constitutes a sufficient notice of appeal.  A notice of appeal need only (1) "specify the party or parties taking the appeal by naming each one in the caption or body of the notice," (2) "designate the judgment, order, or part thereof being appealed," and (3) "name the court to which the appeal is taken."  Fed. R. App. P. 3(c)(1).[2]  Here, the government's protective notice of appeal fulfills all these requirements.  (See docket no. 84.)

---

[1] Defendant appears to concede that the 70-day clock under the Speedy Trial Act has not yet run assuming the period during the government's interlocutory appeal is excluded.

[2] Even "documents which are not denominated notices of appeal will be so treated when they serve the essential purpose of showing that the party intended to appeal, are served upon the other parties to the litigation, and are filed in court within the time otherwise provided by [Federal Rule of Appellate Procedure 4].  Rabin v. Cohen, 570 F.2d 864, 866 (9th Cir. 1978).

More importantly, the Ninth Circuit treated the government's actions as constituting an appeal by setting a briefing schedule once the protective notice of appeal was filed. While the government could have used more clear language than "plaintiff . . . hereby preserves its right to appeal," the protective notice of appeal was nevertheless sufficient to commence an interlocutory appeal.

Moreover, while defendant contends that the government's protective notice of appeal was filed to delay the proceedings, the government certified that that its notice of appeal was not taken for the purpose for delay. (See Docket No. 84-1 (certificate signed by the U.S. Attorney for the Eastern District of California stating that the appeal was not for the purpose of delay and the evidence at issue was substantial proof of a fact material in the proceedings under 18 U.S.C. § 3731).) The court has no reason to question the certification by the United States Attorney. Accord United States v. W.R. Grace, 526 F.3d 499, 506 (9th Cir. 2008) (requirements of 18 U.S.C. § 3731 are satisfied "as long as the United States Attorney certifies that the statutory conditions are met") (citations omitted). Further, the regulation requiring the Solicitor General to authorize an appeal does not require such authorization before government files its notice of appeal. Hogg v. United States, 428 F.2d 274, 280 (6th Cir. 1970).

It is unclear why the Solicitor General's Office chose not to authorize the government's appeal in this case. However, the government's argument that the evidence at issue should be admitted was certainly not frivolous. See United States v.

Bookhardt, 277 F.3d 558, 563 n.6 (D.C. Cir. 2002) ("[T]here is nothing inconsistent between the United States Attorney's certification that an appeal meets the threshold requirements of § 3731 . . . and the need for additional time to determine whether the case meets other criteria that the Department of Justice may impose on government appeals in criminal cases.") Also, there can be no dispute that the evidence at issue, defendant's own incriminating statements, is substantial proof of a material fact in the proceedings. Because defendant has not shown that the appeal was taken for the purposes of delay or was otherwise improper, the court rejects defendant's argument that the indictment should be dismissed based on violation of the Speedy Trial Act.[3]

        Second, defendant has not shown that dismissal is appropriate under Rule 48(b) for unnecessary delay. While these proceedings were stayed for approximately three months while the appeal was pending, the government moved to dismiss the appeal promptly after the Solicitor General's Office notified the government that it would not authorize the appeal. Additionally, as stated above, the government's argument that defendant's

---

[3] At oral argument (but not in his papers), counsel for defendant cited United States v. Clymer, 25 F.3d 824 (9th Cir. 1994), and United States v. Lewis, 349 F.3d 1116 (9th Cir. 2003), to argue that the government's protective notice of appeal did not result in the exclusion of time under the Speedy Trial Act in this case.

        Those cases are inapposite. As discussed in Lewis, Clymer merely stands for the proposition that where the district court postpones ruling on a pretrial motion until after trial, the time during which the pretrial motion is pending is not excludable under § 3161(h)(1)(F), because there the delay in trial did not result from the pending motion. See Lewis, 349 F.3d at 1121 (citing Clymer, 25 F.3d at 830).

incriminating statements should be admissible was not a frivolous argument, and these statements are material to the proceedings. Under those circumstances, defendant has not shown that the delay was "purposeful or oppressive" under Rule 48(b). See United States v. Sears, Roebuck, and Co., 877 F.2d 734, 739 (9th Cir. 1989) (citations omitted).

Further, defendant has not shown actual prejudice from the delay caused by the interlocutory appeal. See id. at 738 ("the mere possibility of prejudice is insufficient to justify dismissal under Rule 48(b)," and delay of five months was not enough to presume prejudice) (citations omitted). Indeed, trial has been delayed multiple times in this or the predecessor case, Case No. 2:11-cr-39 WBS, either upon request or with the acquiescence of defense counsel, and defendant has offered no reason why this particular delay was prejudicial when the prior delays were not.

IT IS THEREFORE ORDERED that defendant's Motion to Dismiss the Indictment under the Speedy Trial Act and Rule 48 (Docket No. 99) be, and the same hereby is, DENIED.

This matter is set for status conference on April 29, 2019, at 10:00 a.m. to discuss further proceedings and set dates for trial and confirmation hearing.

Dated: April 16, 2019

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE