DAVID J. COHEN, ESQ.
California Bar No. 145748
ALEXANDER P. GUILMARTIN, ESQ.
California Bar No. 306767
**BAY AREA CRIMINAL LAWYERS, PC**
300 Montgomery Street, Suite 660
San Francisco, CA 94104
Telephone: (415) 398-3900

Attorneys for Defendant **Yama Marifat**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>YAMA MARIFAT, *ET. AL.*,<br><br>Defendant. | Case No. 2:17-cr-00189-WBS<br><br>**DECLARATION OF DAVID J. COHEN, ESQ., ATTESTING TO STATUS OF CURRENT TRIAL SCHEDULE, PURSUANT TO *UNITED STATES V. LLOYD*, 125 F.3D 1263 (9TH CIR. 1997)** |

I, DAVID J. COHEN, ESQ., declare as follows:

1. I am an attorney duly licensed to practice law before the United States District Court for the Eastern District of California and am the attorney retained to represent Yama Marifat, defendant herein.

2. On April 29, 2019, Michael Pellegrini, an independent attorney with whom I contract, appeared on my behalf in this matter for a status conference. He relayed to the Court information about my upcoming trial schedule and my inability to conduct trial proceedings in this case until October of 2019. The Court set an October 16, 2019 trial date but ordered me to

provide an affidavit affirming Mr. Pellegrini's representations. The present declaration does so, pursuant to *United States v. Lloyd*, 125 F.3d 1263 (9th Cir. 1997).

3.   Along with my associate, Alexander P. Guilmartin, Esq., I was prepared to conduct trial proceedings in this case on the previously set trial date of October 3, 2018. However, the government sought an appeal of an adverse evidentiary ruling, resulting in a stay of the proceedings. The government thereafter abandoned their appeal, and proceedings in the Court of Appeals concluded on March 26, 2019. The previously mentioned April 29, 2019 status conference followed.

4.   Both Mr. Guilmartin and I have been appointed to represent a defendant in a three-defendant, special circumstances murder case in Contra Costa County, *People v. Barrera* (case no. 05-141961-3). On January 28, 2019, we were assigned out to a trial department in that matter and commenced litigation in connection with dozens of motions *in limine*. Jury selection was set to follow the resolution of these motions on February 28, 2019. However, due to recurring and ongoing issues related to confidential funding matters, the completion of the motions *in limine* and jury selection have been delayed several times during these proceedings. We remain assigned to the same trial department in which we have appeared many times over the past three months.

5.   Because the ongoing disputes in *Barrera* are of such incredible importance, we have sought pretrial writ review from the California Supreme Court of confidential and, we contend, erroneous superior court orders. We filed our writ petition on April 22, 2019 (case no. S255369). Two days later, the Supreme Court ordered the trial proceedings in *Barrera* stayed, and the very next day, it ordered an answer to our petition for review from the superior court. That answer is due on May 15, 2019. Our reply to the answer is due on May 22, 2019.

Declaration of David J. Cohen, Esq., Attesting to Status of Current Trial Schedule, Pursuant to *United States v. Lloyd*, 125 F.3d 1263 (9th Cir. 1997)
*US v. Marifat;*
Case No. 2:11-cr-00039-WBS

6. We have discussed the Supreme Court proceedings and the results thereof on the scheduling of Mr. Barrera's trial with the trial court in that matter. Because both co-defendants and the People are seeking a speedy trial, the trial court has indicated that it intends to proceed with trial immediately following the conclusion of writ proceedings. I believe it is due to this urgency that the Supreme Court acted so expeditiously on our petition for review, and I believe they will act with similar expedience following the filing of our reply on May 22, 2019. In the event review is not granted, I am confident all parties apart from Mr. Barrera will demand a speedy trial to commence immediately thereafter. I believe the trial court will re-commence trial proceedings soon following the Supreme Court's denial. We are currently ordered to appear before the trial court on May 28, 2019 to proceed with trial proceedings or, in the event the Supreme Court has not yet ruled, to set a further trial date shortly thereafter.

7. In light of the proceedings in *Barrera*, it was simply unrealistic to expect Mr. Guilmartin and I to be prepared for trial in this matter in June or July of this year. In all likelihood, Mr. Guilmartin and I will be in the midst of trial proceedings in *Barrera* at that time. Even if we are not, a summer trial in this case would certainly require us to prepare for trial in both this case and *Barrera* simultaneously. Given that *Barrera* is a three-defendant special circumstances murder case whose trial is expected to last at least three-to-four months, this would have been untenable. I believe, however, that it is likely that the trial in *Barrera* will conclude before the October 16, 2019 trial date requested by Mr. Pellegrini and granted by this Court.

8. Mr. Marifat and I have formed a close attorney-client relationship. He desires continuity of counsel and has retained my firm specifically so that he can have me, and me alone, conduct his trial proceedings. He has expressed to me his continuing desire to have me, and not one of my associates, represent him at his trial, just as was our understanding at the time of my

Declaration of David J. Cohen, Esq., Attesting to Status of Current Trial Schedule, Pursuant to *United States v. Lloyd*, 125 F.3d 1263 (9th Cir. 1997)
*US v. Marifat;*
Case No. 2:11-cr-00039-WBS

retention. Mr. Guilmartin and I are the only two attorneys at my firm presently capable of meaningfully participating in trial proceedings in this case, as we are the two attorneys with the greatest amount of familiarity with the facts and relevant law. Mr. Guilmartin and I are also the two attorneys at my firm who have been handling another, similar bid-rigging case in the Northern District of California. We are uniquely prepared for this trial in a way that my only other full-time associate would not be. However, Mr. Guilmartin and I are also the two attorneys who have specifically appointed as counsel and co-counsel to represent Mr. Barrera in his conflicting trial. And given the fact that Mr. Barrera's co-defendants are insisting on their statutory and constitutional rights to a speedy trial, trailing Mr. Barrera's trial behind Mr. Marifat's is not appropriate.

9. In consideration of my trial schedule (as well as Mr. Guilmartin's), the attorneys at my firm adequately versed in the facts of this case, and the large amounts of discovery that have been, produced, I believe the current October 16, 2019 trial date is reasonable. An earlier date would not allow for proper defense preparation, likely producing a scheduling conflict that would deny Mr. Marifat counsel of his choice. I affirm that the statements made by Mr. Pellegrini at the April 29, 2019 status conference accurately describe my circumstances.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Dated this May 6th, 2019.

              By:  /s/David J. Cohen, Esq.
                     DAVID J. COHEN, ESQ.
                     DECLARANT

Declaration of David J. Cohen, Esq., Attesting to Status of Current Trial Schedule, Pursuant to *United States v. Lloyd*, 125 F.3d 1263 (9th Cir. 1997)
*US v. Marifat;*
Case No. 2:11-cr-00039-WBS